# FILED

FEB **1 9** 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

Robert Rameses

(Name of Plaintiff)
M.C.S.P. Ione CA 95640, P.O. ? : : . . . .

(Address of Plaintiff)
Box 409000-9000

08 CV 0361 LEW GGH P

(Case Number)

vs.

COMPLAINT

David Porter, Assistant Federal

Defender, Office of the Federal

Defender, Eastern District of CA

(Names of Defendants)

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR CIVIL RIGHTS VIOLATIONS UNDER 42 USC SECTION § 1983**

I. Previous Lawsuits:

A. Have you brought any other lawsuits while a prisoner:    ☑ Yes    ☐ No

B. If your answer to A is yes, how many?: ___**one**___ Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.)

1. Parties to this previous lawsuit:

Plaintiff Robert **Rameses** Vs Gary Lacy Attorney for
El dorado County;

Defendants _____

FORM TO BE USED BY A PRISONER IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983    Rev'd 5/99

3

2. Court (if Federal Court, give name of District; if State Court, give name of County)

   United States District Court for The Eastern District

3. Docket Number  #3

4. Name of judge to whom case was assigned Gregory Hollows Magistrate

5. Disposition (For example: Was the case dismissed? Was it appealed? Is it still pending?)
   Dismissed with leave to file Writ of Habeas Corpus

6. Approximate date of filing lawsuit  6/29/ 2004

7. Approximate date of disposition  8/06/2004

II. Exhaustion of Administrative Remedies

   A. Is there a grievance procedure available at your institution?  ☒ Yes   ☐ No

   B. Have you filed a grievance concerning the facts relating to this complaint?
                                                                ☐ Yes   ☒ No
      If your answer is no, explain why not It is not required for this type
      of pleading.

   C. Is the grievance process completed?                       ☒ Yes   ☐ No

III. Defendants

   (In Item A below, place the full name of the defendant in the first blank, his/her official
   position in the second blank, and his/her place of employment in the third blank. Use item B
   for the names, positions and places of employment of any additional defendants.)

   A. Defendant David Porter #127024  is employed as Federl defender
                                    at 801 I Street; 3d Floor Sacramento
   Ca 95814

   B. Additional defendants Office of The federal Defender Respondent
      Superior Same Address

4

IV.    Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach extra sheets if necessary.)

**See ATTACHED PAGES**

V. Relief.

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

**SEE ATTACHED PAGES**

Signed this __8__ day of __February__ , 20 __08__ .

(Signature of Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct.

(Date)

(Signature of Plaintiff)

5

Mule Creek State Prison
Ione California 95640-9000
P.O. Box 409000-9000
C-15-226

Attorney-Pro-Se

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

Robert Rameses
        Plaintiff,

Vs

David Porter, Assistant Federal )
Defender, Office of The Federal )
Defender Eastern District Of )
California. )
_____/

Case No:
COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF FOR CIVIL
RIGHTS VIOLATIONS UNDER 42
U.S.C. SECTION §1983.

        Plaintiff, Robert Rameses(hereafter Plaintiff") alleges

on information and belief the following:

## JURISDICTION

        1 This court has subject matter jurisdiction over claims

for relief brought under 42 § 1983 pursuant to 28 USC § 1131

and 28 USC § 1343.

        2 All conditions precedent to the filing of this action

have been fulfilled.

## II
## VENUE

        3 Venue is proper in this district pursuant to 28 USC

1 § 1391(b) in that the unlawful acts alleged herein took place
2 within this judicial district.

3                                III

4      4 Plaintiff, Robert Rameses, is an individual at the
5 time of the wrongful act alleged herein and was incarcerated
6 at Mule Creek State prison Ione County, California.

7      5 At all times relevant to this Complaint, defendant
8 (hereafter "Mr Porter #127024) was employed as an Assistant
9 Federal Defender for the Federal Defenders Office for the Eastern
10 District, and all acts,omissions and events attributed to Mr
11 Porter occurred within the meaning of 42 USC § 1983, Mr Porter's
12 conduct alleged herein was in his individual and in his official
13 capacity as an employee of The Office of The Federal Defender
14 for The eastern District of California. All of Mr Porter's
15 wrongful act, omissions and events alleged herein were in
16 violation of clearly established law at the time they occurred.

17     6 Defendant, Office of The Federal Defender for The Eastern
18 District of California is a duly established local government
19 agency, and as such is a "person" within the meaning of 42
20 USC § 1983 and is liable for the acts of its employees pursuant
21 to the doctrine of respondent superior.

22                                IV
                               FACTS
23

24     7 Plaintiff is presently awaiting Objections to Magistrate
25 Judge's Findings and Recommendations in the Case Robert Rameses
26 V Scott Kernan In The Eastern District Court Case No:
27 Civ. S-04-1173 GEB GGH P. Rameses faces irreparable and permanent
28 harm if declaratory and injuctive relief preyed for herein

                                (2)

1  is not granted. Plaintiff was convicted in the year 2000 after
2  a jury trial of violation of California Penal Code Section
3  476(a) insufficient funds for checks.

4       8 Plaintiff was offered Witness Protection, Immunity
5  as well as a reduced sentence if Plaintiff would pled guilty
6  to four counts of homicide. However the plea would not be
7  accepted until "both" The United States Government, The State
8  Of Florida as well as "The Plaintiff" were satisfied with the
9  fulfillment of all of the promises made by all parties.

10      9On March 4, 1988 plaintiff plead guilty but the plea
11 was not "ratified" before it could be proven that plaintiff
12 could provide authorities with "truthful information about
13 a violent religious cult operating a racketeering and criminal
14 enterprise known as The nation of Yahweh.

15      10 Plaintiff was moved to a Federal Facility where
16 Plaintiff, The U.S. Government, and The State Of Florida began
17 a long negotiation process, which stipulated that "at any time"
18 before ratification, "all" parties reserved the right to stop
19 the negotiations, decline the offers and be retured to "square"
20 one and go to trial.

21      11 On March 23, 1988 Plaintiff was compelled under subpoena
22 in front of a magistrate Judge to self-incriminate myself and
23 Given the Broadest Type of Use and Derivative Use Immunity
24 for all crimes committed before the signing of the plea agreement
25 while signing the agreement.

26      12 On June 7 1988 Plaintiff's Plea Bargain was "ratified
27 and Plaintiff plead guilty in open court, and sentenced to
28 a term in a Witness Federal Prison.

(3)

1    13 As part of the Plea Agreement Plaintiff has the
2  "right" to Specific Performance of the conditions and promises
3  made by the United States Government.

4    14 On August 26, 2004  Plaintiff filed a Pro-Se petition
5  for writ of habeas corpus in this court which claimed that
6  plaintiff's rights under the fifth and fourteenth Amendments
7  were violated when prosecution made derivative use of plaintiff's
8  convictions induced by the grant of immunity to "strike plaintiff
9  out under the three strikes law, and requested specific
10 performance of the government agreement.

11   15 On October 4 2004, this court appointed counsel,
12 Mr Porter # 127024 to represent plaintiff.

13   16 On September 7 2005 Mr Porter filed an amended
14 petition for writ of habeas corpus, "omitting plaintiff's request
15 for specific performance of Governments Plea Agreement.

16   17 On November 21 2005 Mr Porter filed a memorandum
17 of points and authorities in support of amended petition for
18 writ of habeas corpus. Omitting plaintiff's right to specific
19 performance of the government plea agreement.

20   18 Plaintiff discovered the omitted specific performance
21 on February 1 2006, after receiving a copy of the governments
22 answer to petition for writ of habeas corpus.

23   19 Plaintiff contacted Mr Porter and objected to the
24 removal of a important condition of the inducement to plead
25 guilty.

26   20 On March 20 2006, after repeated conversations with
27 Mr Porter, Plaintiff formally filed an objection to the petition
28 that omitted the claims of specific performance.

c                                    (4)

1       21 On August 12 2007, I again expressed concerns that
2 the attorney general had erroneously adopted a position that
3 misrepresented the specific terms of my plea agreement. The
4 unreasonable application was that in 1988 I plead guilty to
5 a term of 22 years and "then later received immunity for my
6 testimony. Falsely representing that the offer of immunity
7 was not part of the consideration that induced me to plead
8 guilty.

9       22 On November 27 2007 Magistrate Judge Gregory Hollows
10 finds and recommends that the petition be denied in its entirety.

11       23 As a direct result of the action of the defendants,
12 and each of them, plaintiff now suffers great harm to the outcome
13 of his criminal appeal in this court.

14       23 On December 11 2007 this court disregarded plaintiff's
15 motion for Reconsideration with regard to the specific
16 performance of government plea agreement because petitioner
17 is represented by counsel "Mr Porter".

18       24 On January 4 2008 Plaintiff filed Points and
19 authorities to Support Reconsideration, Mr Porter moved to
20 strike.

21       24 On January 28 2008 Plaintiff filed Request to proceed
22 pro-se and discharge attorney. Plaintiff also filed a motion
23 to renew specific performance.

24       25 Defendant, and each of them consciously conspired
25 and acted in an intentional manner to deny plaintiff the right
26 to specific performance as promised by the United States
27 Government.

28       26 Defendant, and each of them, at all times mentioned

(5)

1 herein acted in a deliberate manner by omission proximate
2 causation of plaintiff's damages.

3       27 Defendant, and each of them,at all times mentioned
4 herein, conspired to allow and effectuate the erroneous, false
5 and unreasonable applications in light of the facts presented.

6       28 Defendant, and each of them mentioned at all times
7 herein conspired to consciously avoid the duty of such profession
8 to use such skill, prudence and diligence as members of the
9 profession commonly posses and exercise.

10       29 Defendant, and each of them at all times mentioned
11 herein conspired, by breach of that duty to deprive plaintiff
12 the right, privileges and immunity secured by the 5th and 6th
13 amendment against compulsory self-incrimination.

14       30 Defendant, and each of them at all times mentioned
15 herein, conspired to suppress the Government's obligations
16 to adhere strictly to the terms of the Plea Agreement by omitting
17 the right to specific performance, allowing unreasonable
18 application, misrepresenting the facts and inducements of
19 plaintiff's plea.

20       31 Defendant, and each of them at all times mentioned
21 herein, acted in proximate causation through the lack of skill
22 and in their fiduciary duties through immoral conduct conspire
23 to deny plaintiff the legal remedy of requiring the Government
24 exact performance in the specific form in which it was made
25 to the percise terms agreed upon.

26       32 Defendant, and each of them at all times mentioned
27 herein, conspired to knowingly and intelligently frustrate
28 the purpose of plaintiff's plea agreement by aiding, allowing

(6)

1  and manipulating the fulfillment or accomplishment of promises
2  and other obligations, by judicial vindictiveness fail to present
3  the facts in regard to errors and misrepresentations of attorney
4  general's unreasonable and erroneous applications in light
5  of the facts regarding the plea agreement, knowing the purpose
6  of specific performance is to give the District Court the
7  opportunity to correct the errors. Vindictively knowing that
8  "any" unopposed allegation becomes law.

9
                            V
                     CLAIMS FOR RELIEF
10                      FIRST CLAIM.
            DECLARATORY RELIEF-DEPRIVATION OF DUE PROCESS OF LAW
11

12      33 Plaintiff repeats and re alleges each and every
13  allegation contained in all preceding paragraphs as though
14  fully set forth herein.

15      34 Defendants and each of them, have acted under color
16  of law, customs, ordinance and regulation and/or usage, to
17  deprive plaintiff the right to due process of laws guaranteed
18  by the fifth and fourteenth Amendment to the United States
19  constitution.

20      35 Plaintiff is therefore entitled to declaratory judgement
21  from this court that the defendants conduct, and each of them
22  is violative of the plaintiff's right to due process of law
23  guaranteed by the fifth and fourteenth Amendments alleged herein.
24  Wherefore, plaintiff preys for relief as setforth herein.

25
                        SECOND CLAIM
        DECLARATORY RELIEF-DEPRIVATION OF RIGHTS,PRIVILEGES,
26                       and IMMUNITIES

27      36 Plaintiff repeats and re alleges each and every
28  allegation contained in all preceding paragraphs as though

                            (7)

1 | fully set forth herein.

2 | 37 Defendants,and each of them, have acted under color
3 | of law, customs, ordinances and regulation and/or usage, to
4 | deprive plaintiff of rights guaranteed by the fifth,sixth,
5 | and fourteenth Amendments to the United States Constitution
6 | 18 USCA § 6001-6005 6002 6003.

7 | 38 Plaintiff is therefore entitled to a declaratory
8 | judgement from this court that the defendants conduct, and
9 | each of them, is violative of plaintiff's Rights, Privileges,
10 | and Immunities.

11 | 39 Wherefore, plaintiff preys, for relief setforth herein.

12 | **THIRD CLAIM**
**DECLARATORY RELIEF-WAIVER OF COUNSEL AND SELF-REPRESENTATION**

13 |
14 | 40 Plaintiff repeats and re alleges each and every
15 | allegation contained in all preceding paragraphs as though
16 | fully setforth herein.

17 | 41 Defendants and each of them, have acted under color
18 | of law, customs, ordinances and regulation and/or usage, to
19 | deprive plaintiff of the right to self-representation guaranteed
20 | by the sixth and fourteenth Amendments to the United States
21 | Constitution.

22 | 42 Plaintiff is therefore entitled to a declaratory
23 | judgement from this court that the defendants conduct, and
24 | each of them, is violative of plaintiff's right to waiver of
25 | counsel and to represent himself.

26 | 43 Wherefore, plaintiff preys for relief as setforth
27 | herein.

28 |

(8)

**DECLARATORY RELIEF-EQUAL PROTECTION**

1   **44** Plaintiff repeats and re alleges each and **every**
2   allegation contained in all preceding paragraphs as though
3   full set forth herein.

4   **45** Defendants, and each of them have acted under color
5   of law, customs, ordinances and regulation and/or usage to
6   deprive plaintiff of his rights to equal protection of the
7   laws guaranteed by the fifth and fourteenth Amendments to the
8   United States Constitution.

9   **46** Plaintiff is therefore entitled to a declaratory
10  judgement from this court that the defendant's conduct and
11  each of them is violative of plaintiff's fifth and fourteenth
12  Amendment rights to equal protection of the laws as alleged
13  herein.

14  **FIFTH CLAIM**
    **INJUNCTIVE RELIEF-DEPRIVATION OF DUE PROCESS OF LAW**
15

16  **47 Plaintiff repeats and re alleges each and every**
17  allegation contained in all preceding paragraphs as though
18  fully set forth herein.

19  48 Plaintiff is entitled to injuctive relief enjoining
20  defendants each of them from depriving plaintiff's deprivation
21  of due process of the law.

22  **SIXTH CLAIM**
    **INJUNCTIVE RELIEF-DEPRIVATION OF RIGHTS,PRIVILEGES,**
23  **AND IMMUNITIES**

24  **49** Plaintiff repeats and re alleges each and every
25  allegation contained in all preceding paragraphs as though
26  fully set herein.

27  50 Plaintiff is entitled to injunctive relief enjoining
28  defendants, and each of them from depriving plaintiff's Rights,

(9)

1 | Privileges and Immunities

2 |        51 Wherefore, plaintiff preys for relief as setforth

3 | herein.

SEVENTH CLAIM
4 | INJUNCTIVE RELIEF-DEPRIVATION OF WAIVER OF COUNSEL AND SELF
5 | REPRESENTATION

6 |        52 Plaintiff repeats and re alleges each and every

7 | allegation contained in all preceding paragraphs as though

8 | fully setforth herein.

9 |        53 Plaintiff is entitled to injunctive relief enjoining

10 | defendants each of them from maintaing representation of the

11 | plaintiff affirmatively requiring the defendants to withdraw

12 | allowing plaintiff to represent himself herein.

13 |        54 Wherefore, plaintiff preys for relief as setforth

14 | herein

EIGHTH CLAIM
15 | INJUNCTIVE RELIEF-EQUAL PROTECTION OF THE LAWS

16 |

17 |        55 Plaintiff repeats and re alleges each and every

18 | allegation contained in all preceding paragraphs as though

19 | fully setforth herein.

20 |        56 Plaintiff is entitled to injunctive relief enjoining

21 | defendants and each of them from maintaining the deprivation

22 | of plaintiff's Equal Protection of the Law.

23 |        57 Wherefore, plaintiff preys for relief as setforth

24 | herein.

VI
25 | PRAYER FOR RELIEF

26 |

27 |        58 Wherefore, plaintiff preys for relief as follows:

28 |        (1) Order allowing plaintiff's right to self-representation

(10)

1   and waiver of counsel.

2      (2) Order, allowing plaintiff to Amend and Supplement Travers

3   and pleadings.

4      (3) Order, The Specific Performance of plaintiff's government

5   plea Agreement.

6      (4) Order, Reconsideration of Findings and Recommendations

7   with omitted evidence.

8      (5) Order of Declaratory and Injunctive Relief to all of

9   the prays for relief as listed herein.

10

11

12

13   2/12/2008
14   DATE

15

16                        RESPECTFULLY SUBMITTED

17

18

19
                         Robert Rameses #P99863 C-15-226
20                       Mule Creek State Prison Ione CA
                         95640-9000, PO Box 409000-9000
21

22                              Plaintiff Pro-Se

23

24

25

26

27

28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Robert Rameres

_____
Plaintiff or Petitioner

v.

David Porter, Office of The

Federal Defender   Defendant or Respondent

Case Number:

_____ /

I hereby certify that on February 12, , 2008 I served a copy

of the attached Declaratory and Injunctive Relief 42 81983

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope

in the United States Mail at Mule Creek State Prison Ione CA 95640 P.O. Box

409000-9000 C-15-226

(List Name and Address of Each
Defendant or Attorney Served)

California State Bar, 180
Howard Street San Francisco
CA 94105

Clerk of the US District Court
for the Eastern District of CA
501 I Street Room 1501
Fresno California 93721

Office of the Chief
Trial Counsel/Intake
The State Bar of CA
1149 South Hill Street
90015-2299 Los Angeles California

I declare under penalty of perjury that the foregoing is true and correct.

Robert Ramerez

(Name of Person Completing Service)

# EXHIBIT A

C-15-226 P.O. Box 409000
Ione California 95640-9000

1  Petitioner Pro-se



2

3  **ORIGINAL**
   **FILED**

4  DEC 1 1 2007

5  CLERK, U.S. DISTRICT COURT
   EASTERN DISTRICT OF CALIFORNIA

6  BY _____
   DEPUTY CLERK

7  IN THE UNITED STATES DISTRICT COURT
   FOR THE EASTERN DISTRICT OF CALIFORNIA

8

9

10

11  Robert Rameses                    ) No: CIV.S-04-1173 GEB GGH P
                                      ) Motion For Reconsideration or Rehearing
12               Petitioner,          ) In The District Court.(In Part) As
                                      ) Well As Objections to Magistrate's
13  Vs                                ) Findings and Recommendations as
                                      ) (Incomplete)
14                                    )
    Gary Lacy                         )
15  Scott Kernan, Warden              )
                                   ___/
16

17  I Robert Rameses, hereafter, Petitioner, respectfully Motions

18  this court in the above styled case to Reconsider or Rehear

19  facts of this case in values a question of exceptional importance

20  in the District Court (In Part) As well as Objections to

21  Magistrate's Judges Findings and Recommendations as (Incomplete.

22  Under Fed Rule of Civ Procedure 59-60 & 28 U.S.C. 636(B)(1)(C).

23      Petitioner humbyl request this court to allow him to present

24  this most unorthodox request based only on the Facts and

25  Authorities that are about to be presented herein. This is

26  by no means, to supersed or represent the Motions and Objections

27  filed or to be filed in the future by my appointed Attorney

28  Mr. David Porter.

(1)

1    This Motion is titled as (In Part) and (Incomplete) because,
2    the Magistrate's Judges Findings and Recommendations do not
3    include the claims that are sufficiently related and intertwined
4    with the claims already considered, thus (In Part). The claims
5    already considered relate back to the original petition filed
6    by petitioner Pro-Se. Thus (Incomplete).

7

8                         STATEMENT OF FACTS

9        Petitioner, pro-se filed a writ of habeas corpus on or
10   about August 17, 2004 (see Exhibit A) Shortly thereafter I
11   was appointed FederAL Defender David Porter. Bar # 127024.
12   After much correspondence with my appointed attorney, an amended
13   petition was filed November 28 2005. On February 1, 2006 [11]
14   I received a copy of the Governments Answer to Petition for
15   Writ of Habeas Corpus. That was when I discovered that the
16   Specific Performance argument in the original petition had
17   been omitted. I contacted Mr, Porter and expressed my concerns
18   as well as the importance of the Santobello V New York argument.
19   Mr Porter assured me that the amended petition addressed the
20   proper argument. I disagreed and on March 20, 2006 I formally
21   objected to the petition that omitted the claims of specific
22   performance and filed my objection to the Honorable Judge
23   Gregory G. Hollows (See Exhibit B). On August 12 2007 I again
24   expressed my concerns about my Fifth Amendment Protection (See
25   ExhibitC). As of this date December 6, 2007 I have not received
26   a copy of the Magistrate's judges Findings and Recommendations.
27   I was only made aware via phone conversation with Mr, Porter
28   on December 3, 2007. That is why I am filing Pro-Se Objections

                              (2)

1          Under 28 USC §636(B)(1)(C) in order to preserve the omitted

2    claims for appeal, as well as request the Magistrate Judge

3    to Reconsider the omitted claims.

4          This request has not been filed to gain an undue advantage

5    or to cause delay. Petitioner, by and through the facts contained

6    in the exhibits presented herein entreat the court and the

7    Government to allow this unique set of circumstances to be

8    heard.

9

10                                     **ARGUMENT**

11

12         Petitioner Quotes;

13                   'The Fifth Amendment's privilege against
                     self-incrimination was aimed at a recurrence

14                   of the Inquisition and the Star Chamber.
                     Prevention of that greater evil was deemed

15                   of more importance than occurrence of the
                     lesser evil that the privilege may on

16                   occasion save a guilty man from his just
                     deserts"

17   William Ludwig Ullman V United States of America 350 US 422,

18   100 Led 511 76 S Ct 497.

19

20         Petitioner contends, that this Star Chamber(California's

21   Three Strike Law) has challenged an important qualification

22   to the Fifth Amendment. The guarantee that no person shall

23   be compelled in any criminal case to be a witness against himself

24         The guarantee against self-incrimination contained in

25   the Fifth Amendment is not only a protection against conviction

26   and prosecution but a safeguard of conscience and human dignity

27   and freedom of expression as well.

28         Petitioner request that this court review the facts.

(3)

1      "I was induced to plead guilty under the protection of
2  immunity for crimes committed before the signing of the agreement
3  the only crime I have been convicted of after the signing of
4  the agreement is one count of 476(a). The state of California
5  is making derivative use of the guilty pleas (convictions).

6      I am correcting a misunderstanding of the facts that no
7  one wants to face. Petitioner has an immunity agreement. The
8  effect is strongly influenced by contract law principles,(
9  applying contractual analysis to promises of immunity.)See
10  Santobello V New York 404 US. 257, 262 92 S Ct 495 30 Led 2d
11  427 (1971) A constant factor is that when a plea rest in any
12  significant degree on a promise or agreement of the prosecutor
13  (United States Goverenment) so that it can be said to be part
14  of the inducement or consideration, such a promise must be
15  fullfilled" The Attorney general wants to argue the scope of
16  immunity, evidentiary, and nonevidentiary use of statements,
17  prosecutor's charging decisions and a lot of other SMOKE AND
18  MIRRORS. The court must interpret the agreement according to
19  petitioner's reasonable understanding at the time he entered
20  into the agreement.(See declarations, records, letters and
21  many other facts that prove my reasonable understanding at
22  the time. United States V Rockwell Intern. Corp 124 F3d 1194,
23  1199 10th cir 1997. I am the only one that was there, how can
24  anyone else speculate against the law. The court must strictly
25  construe any ambiguities against the drafter.(SeeU.S. V Massey
26  997,F2d 823, 824 10th cir 1993)

27

28                  (4)

It is stated
"That in safeguarding the petitioner's against future federal and state prosecution for or on account of an transaction, matter, or thing concerning which he was compelled the immunity granted him immunity fully coextensive with the Constitutional privilege

Reina V U S 1960 364 US 507 5 Led 2d 249 81 S Ct 260.

(See also Claims for relief Exhibit).


## CONCLUSION

What reasonably appears to be an absolute promise of immunity by the UNITED States Government. induced petitioner to forfeit his Fifth amendment rights and cooperate with the U.S. government and pled guilty(convictions)by revealing self-incriminating evidence. Agreements of this nature are enforced in the interest of protecting "the fairness,integrity, and government reputation of judicial proceedings. They are also enforced to protect the voluntariness of a waiver of Fifth Amendment rights. Due Process, therefore, requires that the government adhere to the terms of any plea bargain or immunity agreement it makes. (citing Mabry V Johnson 467 US 504, 509, 104 S Ct 2543, 81 Led 2d 437 1984). Santobello V New York 404 US 257, 262, 92 S Ct 495, 30 Led 2d 427 1971. any agreement (concerning immunity) made by the Government must be surupulosly performed and kept.

Wherefore petitioner prays that the Magistrate Judge allows this motion for Rehearing or Reconsideration (In Part) in order to preserve this most important issue of law that was omitted by petitioner's appointed attorney.

(5)

1    As well as Objections to Magistrate's Findings and

2  Recommendations as (Incomplete). petitioner has no other recourse

3  if this court will only accept motions from petitioner's attorney

4  petitioner will be denied the right to a full and fair

5  opportunity to litigate his claims.

6

7

8

9

10

11

12

13

14  _12/7/2007_
                    DATE
15

16

17

18

19

20  Robert Rameses #P99863

21  Mule Creek State Prison

22  Ione California 95640-9000
    C-15-226 P.O. Box 409000

23

24  Petitioner Pro-Se
    Because I have no other choice

25

26

27

28

The following is a          Proof of Service. Pursuant to Rule 5 of the F.R.Cv.P. and Local
Rule 5-135, each document filed after the court orders service in your case shall be served on
opposing counsel and a proof of service attached to your document filed with the court.

---

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

ROBERT RAMESES

Plaintiff or Petitioner

v.

GARY LACY, (SCOT KERNAN,)WARDEN

Case Number: CIV-S-04-1173 GEB
GGH P

Defendant or Respondent

PROOF OF SERVICE

/

I hereby certify that on   12/6/2007        ., 2007, I served a copy

of the attached   Motion for Reconsideration. or Rehearing and Objections
to Magistrate's Judges Findings and Recommendations(Incomplete)
by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope

in the United States Mail at Mule Creek State Prison,P.O. Box 409000
Ione,California-95640-9000

(List Name and Address of Each
Defendant or Attorney Served)
Office of the Federal Defender        Deputy Attorney Gen
Eastern District of California        Mathew Chan
801 I Street 3rd Floor                1300 I Street Suite125
Sacramento California 95814-2510      P.O. Box 944255
David Porter                          Sacramento CA 94244-2550
                        Clerk, U.S. District Court
                        Eastern District of California
                        Sacramento Division 501 I Street
                        Room 4-400 Sacramento, CA 95814
                                        The HOnorable Judge
I declare under penalty of perjury that the foregoing is true and correct.Gregory G. Hollows

(Name of Person Completing Service)

# EXHIBIT COVER PAGE



Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury



AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District EASTERN DISTRICT – SACRAMENTO | |
|---|---|---|
| Name ROBERT RAMESES | Prisoner No. P-99863 | Case No. CIV S-04-1173 GEB GGH P |
| Place of Confinement MULE CREEK STATE PRISON, B9-148 P.O. BOX 409000 IONE, CALIFORNIA  95640-9000 | | |

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| ROBERT RAMESES | v.  SCOTT KERNAN, WARDEN (A) |

The Attorney General of the State of:

BILL LOCKYER, ATTORNEY GENERAL (CALIFORNIA)

## PETITION

1. Name and location of court which entered the judgment of conviction under attack   EL DORADO COUNTY

   SUPERIOR COURT, 495 MAIN ST., PLACERVILLE, CA. 95667-5699

2. Date of judgment of conviction   JANUARY 12, 2001

3. Length of sentence   25-YEARS TO LIFE

4. Nature of offense involved (all counts)   ONE COUNT OF PASSING BAD CHECK

   CALIFORNIA PENAL CODE § 476(a)

5. What was your plea? (Check one)
   (a) Not guilty            X
   (b) Guilty
   (c) Nolo contendere
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury            X
   (b) Judge only

7. Did you testify at the trial?
   Yes ___  No X

8. Did you appeal from the judgment of conviction?
   Yes X  No ___

(2)

AO-241 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court   CALIFORNIA COURT OF APPEAL - THIRD APPELLATE DISTRICT

(b) Result   DENIED

(c) Date of result and citation, if known   MAY 8, 2003   C037486   REH. DENIED 6/3/03

(d) Grounds raised   FLORIDA PRIORS (CONVICTIONS) IMMUNED - FIFTH AMENDMENT;
SUFFICIENCY OF THE EVIDENCE; IAC ON TRIAL COUNSEL; AND SENTENCING

(e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

(1) Name of court   CALIFORNIA SUPREME COURT

(2) Result   DENIED

(3) Date of result and citation, if known   UNKNOWN

(4) Grounds raised   SAME AS ABOVE - EXCEPT FOR IAC AND SENTENCING

(f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

(1) Name of court

(2) Result

(3) Date of result and citation, if known

(4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:
(a) (1) Name of court   U.S. DISTRICT COURT - EASTERN DISTRICT OF CALIFORNIA

(2) Nature of proceeding   INJUNCTIVE RELIEF UNDER SPECIFIC PERFORMANCE

(3) Grounds raised   USE AND DERIVATIVE USE OF IMMUNIZED CONVICTIONS IN VIOLATION
OF THE FIFTH AMENDMENT

AO 241 (Rev. 5/85)

---

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No X

(5) Result ___DISMISSED WITH LEAVE TO AMEND TO .28 USC 2254____

(6) Date of result ___AUGUST 5, 2004____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No X

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

(1) First petition, etc.      Yes X   No X
(2) Second petition,          Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

___DID NOT APPEAL WRIT BECAUSE THIS IS FIRST WRIT FROM DISMISSAL OF___
___INJUNCTION___

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION. In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: _____

_____

Supporting FACTS (state *briefly* without citing cases or law). _____

_____

_____

_____

_____

_____

_____

B. Ground two _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

C. Ground three: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

D. Ground four: _____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ☐  No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing   UNKNOWN _____

_____

(b) At arraignment and plea   GLEN A. VAN DYKE, 8788 ELK GROVE BLVD, BLDG 2, SUITE C

ELK GROVE, CA  95624 _____

AO 241 (Rev 5/85)

(c) At trial    LORI G. LONDON, 3377 LAKE TAHOE Blvd ste,7 SOUTH LAKE

TAHOE, CA 96150

(d) At sentencing   WILLIAM T. YANKEY, 801 h. street Penthouse suite

Sacramento CA 95814/ Glen VAN Dyke, 8788 Elk Grove, Blvd,

(e) On appeal   MARK D. GREENBERG, 484 LAND PARK AVE OAKLAND, CA 94610

(f) In any post-conviction proceeding             none

(g) On appeal from any adverse ruling in a post-conviction proceeding         none

16  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the
same time?
Yes    No X

17  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes    No X
(a) If so, give name and location of court which imposed sentence to be served in the future:

(b) Give date and length of the above sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be
served in the future?
Yes    No

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed

8/22/2004
(date)

_____
Signature of Petitioner

(7)

UNITED STATES DISTRICT COURT

EASTERN   DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT RAMESES, | ) | Case No. CIV S-04-1174 GEB GGH P |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | PROOF OF SERVICE |
| SCOTT KERNAN, WARDEN (A), | ) | |
| Respondent. | ) | |

I the undersigned, hereby certify that I am over the age of eighteen

years of age, and [ ] a party; [X] not a party to the above-entitled

action.

On August  17   ,  2004  , I served a copy of: PETITION FOR FEDERAL

WRIT OF HABEAS CORPUS W/ INFORMA PAUPERIS AND EXHIBIT; NOTICE OF MOTION,
POINTS AND AUTHORITIES, PETITIONER'S DECLARATION

By placing said copy in a prepaid postage envelope addressed to the
person(s) listed below, by depositing said envelope in the United States
Mail:

(LIST ALL DEFENDANTS SERVED IN THIS ACTION)

Clerk, U.S. District Court          Gary Lacey, District Attorney .
Eastern District of California      Paul Sutherland, Deputy District Attorney.
Sacramento Division                 Office of the El Dorado District Attorney.
501 I Street, Room 4-400            515 Main Street
Sacramento, CA  95814               Placerville, CA, 95667

I, Charles Jorss  hereby declare under the penalty of perjury that
the foregoing is true and correct. Executed on this   17        day of
 August         , 20 04, at Mule Creek State Prison, located in Ione,
California.

Dated: ___/___/___, 20 04                     _____
                                              (Signature)

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF FACTS

3    In March of 1988, Petitioner, his attorney, the State of Florida for
4  Dade County and the United States Attorney for the Southern District of
5  Florida reached an agreement whereby Petitioner would plead guilty to
·  6  charges then pending against him in the Florida State Court, and other
7  charges also pending against Petitioner would be dismissed and Petitioner
8  would assist Federal and State prosecutors with their investigation and
·  9  prosecution of criminal acts committed by various members of a prominent
10  cult, The Nation of Yahweh, including the leader of the cult, Yahweh Ben
11  Yahweh.

12    On March 4, 1988, Petitioner entered a plea before the Honorable
13  Ellen J. Morphonios, Judge of the Circuit Court of the Eleventh Judicial
14  District in Dade County, Florida.   Before the Plea Agreement was
·  15  formalized, Petitioner mad a written proffer which contained 33 pages of
16  information about his own criminal activities and the criminal activities
17  of various other members of the Nation of Yahweh.  The proffer was signed
18  by Petitioner's attorney on March 7, 1988, and, after much negotiation, a
19  formal Plea Agreement was signed by Petitioner, his attorney, and Florida
20  prosecuting attorney on March 23, 1988.

21    On February 3, 1999, Petitioner was arrested at his home by Deputy
22  Yaws pursuant to an alleged violation of Penal Code Section 476(a), a
23  misdemeanor, for checks that were allegedly written to Cameron Park Auto
24  totaling approximately $63.00.   After Petitioner was arrested, Detective
25  Frisbee, who handles financial crimes, was contacted.  Later that evening,
26  Frisbee approached Petitioner about difficulty the department was having in
27  confirming his identity.

28

1    Petitioner was told by Frisbee that he would not be released until
2  his identity was confirmed. Frisbee began to leave the interrogation room
3  when Petitioner told Frisbee his prior name, Robert Rozier, and that he was
4  in the Federal Witness Program. Petitioner also gave Frisbee the name of a
5  Federal Marshall who Frisbee could contact to confirm Petitioner's story.

6    That same night Frisbee ran the name of Robert Rozier for criminal
7  history and got in return, a out of state "RAP" sheet. The RAP sheet did
8  not report any violent criminal convictions but indicated a history of
9  prior arrests.

10    On February 4, 1999, Frisbee continued to work on the case by
11  contacting the individual government agencies on the "RAP" sheet. Frisbee
12  did not find any information of prior murder convictions or Petitioner's
13  involvement in the Yahweh cult.

14    Frisbee next searched government agency web sites on the Internet.
15  He did not find any murder convictions or cult involvement from those
16  sources either. The first source of information Frisbee obtained about
17  Petitioner's convictions in Florida and his involvement in the cult were
18  articles from the Miami Herald that he found on the Internet. These
19  articles reported on trials in which Petitioner gave immune testimony and
20  information obtained from his testimony.

21    Deputy District Attorney Sutherland used this immune testimony at a
22  bail hearing. Sutherland, after receiving information from additional
23  vendors on bad checks, was able to charge Petitioner with a violation of
24  Penal Code Section 476a (a), a felony, Sutherland amended the criminal
25  Complaint dropping the tenuous P.C. 459 charge replacing it with the P.C.
26  476a (a) and kept the 667(b) charge, based on Petitioner's immunized
27  convictions of Second Degree Murder in Florida. Sutherland was also

28

-9-

1   motivated by the information about Petitioner's past, which was derived
2   from Petitioner's immune testimony after the Plea Agreement. Additionally,
3   Sutherland, as motivated by what he had learned about Petitioner's past
4   from Trudy Novicki, Dade County State Attorney, and from a Richard Scruggs
5   of the U.S. Attorney Generals Office.

6       Sutherland had approximately three conversations with Novicki, who
7   was the prosecutor in Florida who prosecuted a criminal case against the
8   Yahweh cult leader.   None only that, either through Novicki or Scruggs,
9   Sutherland learned about seven murders that Petitioner was suspected of
10  participating. in and the details of those murders, as outlined in
11  Petitioner's immune testimony.

12      Finally, Sutherland received and read actual immune testimony
13  provided by a current attorney of Yahweh Ben Yahweh, Wendolyn Rush.

14      Based on the facts given above, Deputy District Attorney Sutherland
15  clearly used immunized testimony which included the convictions in order to
16  strike petitioner out.

17                              Question Presented

18      When Petitioner Gave Up His Constitutional Rights From The 1988 Plea
19  Agreement, based upon the U.S. Governments promise of the broadest type of
20  immunity, "use" and "derivative use" (which petitioner understood)
21  prevented any future use of his immune guilty pleas (convictions), was
22  petitioner's plea contract breached by the three-strike conviction?

23                              Parties Involved

24      Robert Rameses, is the Petitioner at all times herein, who is
25  presently incarcerated at Mule Creek State Prison, located in Ione,
26  California, Amador County.

27  ///                                                                    ///

28

                                   -10-

I.

### THE PROSECUTION VIOLATED PETITIONER'S FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION WHEN THE PROSECUTION MADE "DERIVATIVE USE" OF PETITIONER'S GUILTY PLEAS (CONVICTIONS) THAT WERE PROTECTED BY THE FIFTH AMENDMENT

Petitioner contends that the prosecution violated his 5th and 14th Amendments to the U.S. Constitution when the prosecution made "derivative use" of his prior convictions in order to strike petitioner out under the California Three Strikes Law which were protected by the 5th Amendment.

In March of 1988, Petitioner's Attorney, Florida State Attorney for Dade County, and the United States Attorney for the Southern District of Florida reached an agreement whereby Petitioner would plead guilty to charges then pending against petitioner in the Florida State Court, and other charges also pending against Petitioner would be dismissed and Petitioner would assist Federal and State prosecutors with their investigation and prosecution of criminal acts committed by various members of a prominent cult. (See Exhibit _____.)

Petitioner on or about March 4th 1988, petitioner plead guilty under the verbal agreement (contract), and promise of immunity.

The State lacks "jurisdiction" regarding the issue of federal immunity in this case because petitioner's issue, involves contract law and it also involves a federal criminal plea bargain.

As such, there is no "remedy" available under state law because as a "matter of law," only the federal courts can decide whether the federal plea bargain contract agreement has been breached.

It was understood that both parties (Petitioner, U.S. Government, and the State of Florida), had to be satisfied with the terms of the formal agreement or either declare that the Agreement was null and void. (Id., at

-11-

1   Exhibit _____, page _____.)

2       In this "Agreement/Contract" petitioner was promised the "broadest
3   type of use and derivative use immunity for crimes committed before the
4   signing of this agreement" which were the crimes to which petitioner
5   committed before the signing of said agreement dated March 23, 1988, which
6   was ratified on June 7, 1988. (See Exhibit _____.)

7       Petitioner provided testimony in several cases including civil and
8   criminal trials of the Florida cult Yahweh Ben Yahweh.

9       The U.S. Supreme Court held in Kastigar v. U.S., 406 U.S. 441 (1972),
10  that "immunized testimony was allowable, but the prosecution is
11  'prohibited' from using the compelled testimony in any respect," that would
12  lead to the infliction of criminal penalties on the witness. (Id., at 406
13  U.S. 453.)

14      According to Blacks Law Dictionary 7th Edition (1999 Ed.), "use
15  immunity" is described as immunity from the use of the compelled testimony
16  or an information derived from that testimony in a future prosecution
17  against the witness.

18      In Carbal v. Hannigan (D. Kan. 1998) 5 F.Supp.2d 957, Carbal, supra,
19  contended they "deprived him of his privilege against compulsory
20  self-incrimination as guaranteed by the Fifth and Fourteenth Amendments and
21  thus requires vacation of his current sentence and re-sentencing by a
22  different judge."

23      In this instant case, petitioner was deprived of his privilege
24  against compulsory self-incrimination as guaranteed by the Fifth and
25  Fourteenth Amendments when the prosecution made "derivative use" of
26  petitioner's prior convictions that were protected by the Fifth Amendment
27  and by the "specific performance" of the plea agreement (contract) that the

28

-12-

1    U.S. Government, State of Florida, and Petitioner when they entered into
2    the signed plea agreement on March 23, 1988.

3         The pre-requisites and considerations were: (1) petitioner was to
4    plead guilty (do some time for pleading guilty - part of the agreement) and
5    testify under oath with the promise of the broadest type of immunity given,
6    "use" and "derivative use" on crimes committed prior to the signing of this
7    agreement. (Id., at Exhibit _____ at paragraph 13.)

8         Petitioner's plea agreement was based on an absolute promise of
9    immunity of the broadest type from the U.S. Government and the State of
10   Florida, induced petitioner to forfeit his Fifth Amendment Rights when
11   petitioner co-operated with the U.S. Government and the State of Florida,
12   by revealing and testifying to certain self-incriminating evidence which
13   was to protect petitioner against any future punitive use of this
14   inculpatory testimony (evidence).

15        In the case at bar, petitioner would not have agreed to such plea
16   agreement (contract) had petitioner known that his protected guilty pleas
17   (convictions), would be punitively used in the future.

18        Since, the immunity agreement was contractual in nature (as in the
19   instant case), its effect is therefore controlled by contract law
20   principles. (See, cf. United States v. Black, 776 F.2d 1321, 1329 (6th Cir.
21   1985) [immunity agreement is contractual in nature]; Rowe v. Griffin, 676
22   F.2d 524, 528 (11th Cir. 1982) [applying contractual analysis to promises
23   of immunity]; cf. United States v. Bunner, 134 F.3d 1000 (10th Cir.
24   1998)[construing plea agreement according to principles of contract law]).

25        In Santabello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30
26   L.Ed.2d 427 (1971), the Court held that they "will strictly construe the
27   agreement against the state." See, Rowe, supra, 676 F.2d at 526, n.4, Cf.
28   United States v. Massey, 997 F.2d 823, 824 (10th Cir. 1993) [ambiguities in

-13-

1    plea agreement are to be resolved against the drafter].

2        Petitioner respectfully ask that this court should interpret the

3    agreement according to petitioner's reasonable understanding at the time

4    petitioner entered into the agreement.

5        It was petitioner's understanding that by pleading guilty with the

6    grant of "use" and "derivative use" immunity petitioner's convictions

7    stemming from pleading guilty, could not be used for any purpose according

8    to Section 13(c) of the plea agreement which provides:

9            "The State of Florida hereby confers upon the Defendant
             the broadest type of use and derivative use immunity
10           (but not transactional immunity) for crimes which were
             committed by the Defendant prior to the signing of this
11           plea agreement such crimes having been committed
             anywhere within the State of Florida.   This immunity
12           shall apply to any charges that may be filed against the
             Defendant and/or that may arise from information
13           provided pursuant to these investigations..." [Id., at
             Exhibit ____, ¶ 13(a).)

14
        In paragraph 12(g), specifically states: "Pursuant to ... Federal
15
     Rule of Criminal Procedure 11(e)(6), evidence of an offer or a plea of
16
     guilty (later withdrawn due to this agreement not being ratified), or of
17
     statements made in connection therewith, shall not be admissible in any
18
     civil or criminal proceeding against Robert Rozier (petitioner), also known
19
     as Neariah Isteal." [Emphasis in bold, paraphrased.]
20
        Agreements of this nature are enforced in the interest of protecting
21
     "the fairness, integrity, and public reputation of judicial proceedings."
22
     U.S. v. Goldfaden, 959 F.2d 1324 (5th Cir. 1992).
23
        They are also enforced to protect the "voluntariness of a waiver of
24
     Fifth Amendment Rights." United States v. Weiss, 599 F.2d 730, 737 (5th
25
     Cir. 1979).
26
        Due process, therefore, "requires that the government adhere to the
27
     terms of any plea bargain or immunity agreement it makes." United States v.
28

                                    -14-

1   Pelletier, 898 F.2d 297 (2nd Cir. 1990) (citing Mabry v. Johnson, 467 U.S.
2   504, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984).

3       Thus, the prosecution in this case failed to recognize the "specific
4   performance" of the plea agreement when they (Prosecution) used illegally
5   "tainted" immunized evidence[1] (convictions) against the petitioner for
6   sentencing enhancement purposes.

7       Once the prosecution had discovered that petitioner had alleged prior
8   convictions (even though they were immunized), the prosecution deliberately
9   used these convictions in **"bad faith"** when the prosecution used these
10  convictions to strike petitioner out under the California Three-Strikes
11  Law. [Emphasis in bold.]

12      The Prosecution punished petitioner with information that was
13  obtained solely through the promise of immunity, which induced petitioner
14  to forfeit his Fifth Amendment Rights and reveal self-incriminating
15  information.

16      Due to the Prosecution violating the "immunity agreement" of the plea
17  agreement that was ratified on June 7, 1998, petitioner's sentence of
18  25-to-life must be vacated and the petitioner be remanded back to be
19  re-sentenced to the appropriate time for the bad check charge.

20      Remand for re-sentencing is a must especially when the prosecution

21  _____

22  1.  "Testimony" is "Evidence" given by a competent witness under oath or
23  affirmation, as distinguished from evidence derived from writings and other
    sources.   In common parlance, "testimony" and "evidence" are synonymous.
24  Testimony properly means only such evidence as is delivered by a witness or
25  at the trial of the cause, either orally, or in the form of affidavits or
26  depositions." (Blacks Law Dictionary (7th Edition, 1999)).

27  ///                                                                    ///

28

-15-

1     intentionally used immunized information which was discovered through U.S.

2     Government FBI Agent Thomas McHale, whereby breaching the agreement.

3            In United States v. Hawley, 93 F.3d 682, 693 (10th Cir. 1996),

4     "remanding where government breached plea agreement."

5            Since, the Prosecution breached this agreement as well as the U.S.

6     Government petitioner's sentence in the instant case must be vacated and

7     the case be remanded for re-sentencing.

8            The State's jurisdiction is limited to issues surrounding

9     petitioner's state conviction under California Three-Strikes law. However,

10    that conviction was based on the Prosecution's determination regarding

11    petitioner's prior conviction in which the federal court granted immunity

12    to keep from any future prosecution.

13           In regards to that prior, "only" the federal court will have the

14    jurisdiction and venue to determine whether the plea bargain contract of

15    that prior (conviction) was breached by the prosecution when they applied

16    the three-strike sentencing enhancement to petitioner.

17           By the Prosecutions deliberate and direct use of petitioner's

18    immunized convictions were in violation of the U.S. Government's and the

19    State of Florida's expressed agreement violated petitioner's due process

20    rights and cannot be considered harmless error.

21           In United States v. Fant, 974 F.2d 559, 564-65 (4th Cir. 1992), the

22    Court held: "remanding for re-sentencing because use of defendant's

23    immunized statements for purposes of sentence enhancement qualifies as

24    'plain error'".

25           In this instant case, the Prosecution committed "plain error" when

26    they used petitioner's immunized protected convictions from petitioner

27    pleading guilty pursuant to a plea agreement in order to enhance

28

1  petitioner's sentence under California's Three-Strikes Law.

2      The U.S. Supreme Court in Shotwell Mfg. Co., v. United States, 371

3  U.S. 341, 9 L.Ed.2d 357, 83 S.Ct. 448, held:

4          "[T]he constitutional principle that the prosecution
           must establish guilt by evidence independently and
5          freely secured; and may not by coercion prove its charge
           against an accuse out of his mouth, also reached
6          evidence of guilt induced from a person under a
           governmental promise of immunity and such evidence must
7          be excluded under the self-incrimination clause of the
           Fifth Amendment."

8
       The prosecution in petitioner's case, did not establish if the
9
   evidence of guilt (convictions) "independently" or if they were "freely
10
   secured."   The prosecution obtained these convictions directly from
11
   petitioner's guilty pleas which were immunized and therefore the
12
   prosecution must be excluded from making "derivative use" of such
13
   convictions.
14
       Petitioner believes that, as a matter of fair conduct, the
15
   prosecution must be required to honor the agreement when the record reveals
16
   that: "(1) an agreement was made; (2) the defendant (petitioner) performed
17
   his side of the agreement; and (3) the subsequent prosecution's are
18
   directly related offenses in which the defendant (petitioner), pursuant to
19
   the agreement, either assisted with the investigation or testified for the
20
   government." (Rowe v. Griffin, 676 F.2d 524 (1982), [Paraphrased.]
21
       Based on the above, petitioner respectfully ask this court to reverse
22
   and vacate petitioner's sentence because the Prosecution (State of
23
   California) violated petitioner's Fifth and Fourteenth Amendments to the
24
   U.S. Constitution when the Prosecution deliberately used immunized
25
   protected convictions to strike petitioner out under the California
26
   Three-Strikes Law.  Petitioner points out that he kept his end of the plea
27
   bargain by pleading guilty and therefore, petitioner is invoking his right
28

-17-

1   to the specific performance the plea bargain when the prosecution breached

2   the plea agreement by making "derivative use," of petitioner's immunized

3   convictions, thus, calling for petitioner's sentence to be vacated and

4   petitioner be immediately released.

5        If this federal court determines that the Prosecution's (State)

6   action constituted a breach of the plea bargain contract, then the State

7   Court's conviction must be vacated as a matter of law, whereby, the State

8   Court would have no authority to hold petitioner otherwise.

9        Finally, petitioner contends, that based on his 1988 federal plea

10  bargain providing the "broadest type" of immunity, and the state's

11  "derivative use" of that immunity to support its three-strikes conviction,

12  they violated petitioner's constitutional rights, requiring reversal.

### Conclusion

15       Petitioner respectfully ask this Court to vacate Petitioner's

16  sentence based upon the fact that DDA Sutherland deliberately made

17  "derivative use" of petitioner's immune guilty pleas (convictions) to

18  strike petitioner out under California Three-Strikes sentencing scheme.

19  DDA Sutherland could not retrieve any information from Government Agencies

20  because there was no information to be found. If that was the case, then,

21  Deputy District Attorney Sutherland could only rely on Petitioner's immune

22  testimony and guilty pleas, that were protected under the Fifth Amendment

23  when he deliberately made "derivative use" of those convictions which were

24  protected, in order to strike Petitioner out. Based on that, it is clear

25  that the Prosecution in Petitioner's instant case, clearly violated the

26  terms of the plea agreement between the U.S. Government, State of Florida

27  and Petitioner.

///                                                                    ///

28

-18-

1    Therefore, Petitioner's sentence must be vacated.

2                          PRAYER FOR RELIEF

3        Based on the above Petitioner respectfully ask this court to grant
4    Petitioner's writ; vacate Petitioner's sentence due to the breach in the
5    plea agreement when Deputy District Attorney Sutherland illegally made
6    "Derivative Use" of Petitioner's guilty pleas ·(convictions) that were
7    protected under the Fifth Amendment; Petitioner ask this court for
8    immediate release if this court finds that the terms of Petitioner's Plea
9    Agreement was breached by Deputy District Attorney Sutherland for El Dorado
10   County in the State of California.

11

12                          VERIFICATION

13       I, Robert Rameses, Petitioner in the above-entitled cause, hereby
14   declares under the penalty of perjury that the foregoing is true and
15   correct. Executed this _____day of _____·_____ , 2004 at Mule Creek State
16   Prison, located in Ione, California.

17

18   Dated:_____, 2004

19                                        Respectfully submitted:

20
                                         Robert Rameses, P-99863
21                                       Petitioner Pro Se

22

23

24

25

26

27

28

                              -39-



U.S. Department of Justice

*United States Attorney*
*Southern District of Florida*

*155 South Miami Avenue, Suite 700*
*Miami, Florida 33130*

April 12, 1989

Jéffrey D. Weinkle, Esq.
The Law Center
370 Minorca Avenue, Suite 9
Coral Gables, Florida 33134

Re: Testimony of Robert E. Rosier

Dear Mr. Weinkle:

This letter is to advise you that with regard to any
information or testimony of Robert Earnest Rosier, also known as
Neariah Israel, the United States Department of Justice considers
itself bound by the terms of the written Plea Agreement between
the State of Florida and Robert Rosier entered on March 23, 1988.

Accordingly, this office, pursuant to Paragraphs 7 and 8 of
the Agreement, may from time to time request Mr. Rosier's
assistance in the form of truthful information or testimony at
debriefings, grand jury proceedings, and civil or criminal
trials. It is our position that should we request such
assistance or testimony -- regardless of whether or not the
United States is a party to the proceedings involving Mr.
Rosier's testimony, deposition or debriefing -- the United States
and its agencies would be bound by Paragraph 13 of the Agreement
concerning use and derivative-use immunity. Because our
subpoenas, unlike the State of Florida, do not confer use
immunity automatically, it is our position that our request for
assistance or testimony is sufficient to trigger the immunity
provisions of Paragraph 13.

Very truly yours,

DEXTER W. LEHTINEN
UNITED STATES ATTORNEY

By:
DAVID MICHAEL DeMATO
ASSISTANT UNITED STATES ATTORNEY

U. S. Departm· of Justice



United States A**FILE**
Southern District of Fl̶o̶̶

---

Refer:  ☐ *135 S. Miami Ave., Suite 700*          ☐ *299 E. Broward Blvd., Rm. 303B*          ☐ *701 Clematis Street,  Room 317*
To  :  ☒ *Miami, Florida  33130-1693*          ☐ *Ft. Lauderdale, Florida   33301*          ☐ *West Palm Beach, Florida 33401*

May 10, 1990.

Jeffrey Weinkle, Esq.
Coral Gables, FL

RE: Robert Rozier

Dear Mr. Weinkle:

This is to confirm the agreement between the United States of America and your client Robert Rozier in which the United States agrees to be bound by all of the terms of the plea agreement entered into between Mr. Rozier and the State of Florida. Furthermore, it is agreed that no federal charges will be filed against Mr. Rozier for any of the criminal acts disclosed by Mr. Rozier during the course of his interviews with federal and state law enforcement.

DEXTER W. LEHTINEN
UNITED STATES ATTORNEY

BY: _____
RICHARD SCRUGGS
ASSISTANT UNITED STATES ATTORNEY

# EXHIBIT COVER PAGE 

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury



praved for
with
.lcisl
antal forms
 1, 1997)

ROBERT RAMESES
P-99863   B-9-148L
M.C.S.P.
P.O. Box 409040
Ione, CA 95640-9000
In Pro Se

QUIN DENVER #49374
Federal Defender
DAVID PORTER, BAR #127024
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700



MAR 2 3 2006

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
                    DEPUTY CLERK

Re: **ROBERT RAMESES v. GARY LACY, et al.,**
    **USDC Case No. CIV-S-04-1173 GEB GGH P**

Dear Mr. Porter,

Pursuant to our March 15, 2006, phone conversation, I am responding as follows:

On November 28, 2005, I received a copy of the "Memorandum of Points and Authorities In Support of Amended Petition for Writ of Habeas Corpus". After reading the amended petition, I noticed that there was no answer to the argument I presented in my pro se petition to the District Court. My question, therefore, to you Mr. Porter, is why my SPECIFIC PERFORMANCE argument was omitted? Now, I agree totally with the issues you raised in the amended petition, however, I believe my "specific performance" issues should have been raised as well. You see, I want to know (and think it's crucial to address), if my acceptance of the government negotiated plea bargain, creates an enforceable constitutional right to have my plea agreement specifically enforced?

After all, no one is contesting the following facts: (1) that a enforceable plea bargain exists; (2) that I fulfilled my obligations of the plea agreement; (3) that had there been no

1

inducement for me to plea guilty the present scenario would not exist; (4) had I gone to trial in Florida and lost, I would not be in the present situation; (5) had I gone to trial in Florida and won, I would not be in this situation.

We know that California made derivative use of my crimes from Florida to convict me under the 3-Strikes law. What I want to know, is whether the government is responsible for allowing this to happen? It is well established law, that when the government breaks its bargain, it undercuts the very basis of the constitutional rights waiver implicit in the plea agreement. Also, where the prosecutor or the government has broken the plea agreement, it is appropriate for me to seek the enforcement of that agreement, i.e., **specific performance.**

As I expressed to you in our phone conversation, and I'm again expressing to you now, the "specific performance" issue must be **preserved!**

The government encouraged the negotiation of this plea; Therefore, the question is, does the district court accept as constitutionally legitimate, the fact that the government (whose interest at the plea bargaining table was to persuade me to **not** enter a plea of **not** guilty and to forego my rights), can then turn around and allow a third party persuasive entity, to apply future consequences based on facts and information that were **explicitly** covered in the plea bargain.

> THE BROADEST TYPE OF USE AND DERIVATIVE USE
> IMMUNITY FOR CRIMES COMMITTED BEFORE THE
> SIGNING OF THE AGREEMENT.

The Due Process Clause is not a code of ethics for prosecutors,

2

it concerns the <u>manner</u> in which persons are deprived of their liberty. As Gary Lacy said: "We shall succeed where Florida failed." Florida succeeded in negotiating a plea of guilty. A "plea of guilty" is more than a confession which admits the accused did various acts. It is itself a conviction. In my case it was a conviction induced under the promise of immunity. Immunity that was later violated when facts and information covered by the immunity was used to convict and sentence me under the 3-Strikes law for one count of PC §476(a), involving non-sufficient funds checks. This not only incredible "in and of itself", it cast doubt on whether the government's word/promise can be relied upon.

Therefore, with all due respect, I'd just like to emphasize, that I want you to please, expand, augment, enlarge, amend, supplement, notice, GOOGLE or whatever you have to do, in order to address and preserve the specific performance issue in this federal habeas litigation.

I, Robert Rameses, am now entering a "FORMAL OBJECTION" based on the facts presented in this letter, and based on the omissions from the original federal habeas petition.

If the "specific performance" issue has "not" been omitted, and is preserved and can in fact be addressed on traverse, please disregard this objection.

Dated: _____ , 2006

Robert Rameses, P-99863
In Pro Se

cc: Honorable Judge Gregory G. Hollows

3

# EXHIBIT COVER PAGE

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

Quin Denver # 49374
Federal Defender
David Porter Bar 127024
Assistant Federal Defender
801 I Street,3rd floor
Sacramento, CA 95814
Telephone; (916) 498-5700

> Re:Robert Rameses V Gary Lacey et al
> USDC Case No: CIV-S-04-1173 GEB GGHP

Dear Mr. Porter,

I am happy to report that my research has determined that the constitutional principle that the prosecution must establish guilt (convictions) by evidence independently and freely secured, and may not by coercion prove it's charge against an accused out of his own mouth. This also reaches evidence of **guilt** (convictions) induced from a person under governmental promise of immunity, and such evidence **must** be excluded under the self-incriminaton clause of the fifth Amendment.

Shotwell M.F.G. Co V United States, 371 US 341 9 Led 2d 357, 83 SCT 448. Not only is this still good law it's United States Supreme Court Law (1963) I am sure you already know this. I can't let go of the fact that the Government continues to attempt to change the facts about my pleA FROM Florida. The third Appellate District P.J. Scotland in his answer to Petition for Writ of Habeas Corpus changed the facts of **my** plea. Implying to the court that I plead guilty to four counts of second degree murder for **leniency** of 22 years and dismissal of three murder counts, **Then** agreed to testify under the grant

of immunity about the cult and my involvement.(P.J. Scotland
June 3, 2003 Court of Appeal Third District Pg 5). The fact
of the offer of immunity for crimes (convictions) commited
before the signing of the agreement is the most important reasons
that·I agreed to plead guilty.

"In 1988, Mr Rameses faced charges of first degree murder
and other offenses in four separate cases in Florida". He entered
into a plea agreement to dispose of all those crimes whereby
he was to pled guilty to four counts of second degree murder
with the understanding that he would be sentenced to no more
than 22 years in prison."(Here comes the switch)"Pursuant to
the terms of Rameses's written plea agreement, Rameses was
to provide testimony about his knowledge of the criminal
activities engaged in by Y.B.Y. and members or followers of
the Yahweh sect and his own involvement in the homicides charged
against him, for his testimony he was given use and derivative
use immunity" Mathew Chan Deputy Attorney General pg 26 lines
11-18 Answer to petition for Writ of Habeas Corpus.(dated January
26, 2006).

Why? are they attempting to misrepresent the facts?
Maybe by changing the facts of the case, they can avoid the
convictions and argue such issues as non-evidentary use or
independent source, and just plain "convictions are not immunized

In this case (yes they are) remember, immunity for crimes
before the signing of the agreement.

"It is stated that in safeguarding the petitioner agaist
**future** federal and state prosecution for or on account
of **any** transaction, matter, or thing concerning which
he **was** compelled to testify, the immunity statute granted
him **immunity** fully coextensive with the constitutional
privilege.

In Katz V United States 1967 389 US 347, 19 Led 2d 576, 88

SCT 507,

"It **was** recognized that an immunity statute could supplant
the fifth amendment privilege against self-incrimination
if it afforded adequate protection from future prosecution
or conviction.

I was compelled to stand as a witness against **myself** with
the promise that **nothing** would be used against me in the future.
They cant make derivative use of the convictions.

## In Conclusion

The government has no independent source. Everything derived
from me and my big mouth. The Miami Herald, The internet, The
convictions, The facts, The circumstances of everything about
what happened, What the A.G. and the Judges Wrote, The other
witnesses, **ALL** derived from me. Prove Different.

The governments argument is based on an unreasonable finding
of fact with regard to the evidence presented in the state
court §28 USC 2254 (d)(1)-2 State findings of fact are presumed
correct unless rebutted by clear and convincing evidence.

By misrepresenting the facts, and removing immunity from
the guilty plea to obtain the convictions,the government is able
to create confusion thereby placing the focus on the sizzle and
not the steak.

We can't allow no wiggle room Mr Porter.

Yours Truely
Robert Rameses P99863 Mule Creek
State Prison Ione CA-95640-9000

8/12/2007

# EXHIBIT COVER PAGE

Description of this Exhibit:

Number of pages to this Exhibit: _____ pages.

JURISDICTION: (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☐ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury



1  ROBERT RAMESES, P99863
2  Mule Creek State Prison B9-148
   P.O. Box 409000
3  IONE, California
   95640-9000
4  Petitioner Pro Se

5

6              IN THE UNITED STATES DISTRICT
             COURT FOR THE EASTERN DISTRICT OF, CA.
7

8              SACRAMENTO DIVISION

9  ROBERT RAMESES
10     Petitioner              CASE NO. CIV S-04-1173 GEB GGH P
   V
11
   SCOTT KERNAN, WARDEN (A),    DECLARATION IN SUPPORT OF
12     Respondents
                               /THE BROADEST TYPE OF USE AND
13                              DIRIVITIVE USE IMMUNITY

14

15

16          I, ROBERT RAMESES, PETITIONER, hereby declare and
17  state; under the penalty of perjury, that the foregoing facts
18  are true and correct. On or about the month of  JANUARY 1988 the
19  state of Florida and the United States Government began plea
20  negotiations, whereby I Robert Rameses claimet Rameses would pled guilty
21  to crimes pending and in return be given THE BROADEST TYPE OF
22  USE AND DIRIVITIVE USE IMMUNITY FOR ALL CRIMES COMMITED BEFORE
23  THE SIGNING OF THE AGREEMENT SIGNED MARCH 4th 1988. I WAS told
24  by the highest office in the Land, The United States Government,
25  that " The immunity that you have been granted protects you from
26  any further use of any enhancements, evidence, or any further
27  consequences in the future. If I  Robert Rameses  Had not been
28  given those terms along with others I WOULD NOT HAVE PLEAD.

1
2
3
4   Date 5/24 2004
5                                              RESPECTFULLY Submitted;
6
7
8
                                 ROBERT RAMESES P99863
9                                Petitioner Pro Se
10
11
12
13
14
15
16
17          I, ROBERT RAMESES, petitioner in the above style
18   cause, hereby declares under the penalty or perjury that the
19   foregoing is true and correct Executed this 24 day 8 of 2004
20   AT MULE CREEK STATE PRISON, LOCATED IN IONE CALIFORNIA
21
22
23
24
25
26
27
28

# ATTACHMENT 3

ROBERT Rameses P-99803
Case 2:04-cv-00354-HWG-KJN   Document 1   Filed 03/19/08   Page 59 of 89
Case 2:04-cv-01173-GEB-GGH   Document 60   Filed 01/04/2008   Page 59 of 89
P.O. Box 409040 95640-9000





**FILED**

JAN 4 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

Quin Denver # 49374
Federal Defender
David Porter # 127024
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700

Points and Authorities to
Support Reconsideration

Re: Robert Rameses V Gary Lacy, et al.
    USDC Case No. CIV-S-04-1173 GEB GGH P

Dear, Mr. Porter:

On December 11, 2007, I received a Copy of The United States
Magistrate Judge's Order and Findings & Recommendations. I am
responding as follows:

This court is guilty of an unreasonable determination
of facts in light of the evidence presented at the State and
Federal proceedings. The Honorable United States Magistrate
Judge Gregory G. Hollows, In his Order and Findings &
Recommendations, states " As Rozier, he plead guilty to four
murders in Florida." No I Did Not! The plea agreement clearly
represent what induced Rozier to plead guilty.

**(Section 13 of Plea Agreement)**

As consideration (Quid Pro Quo)for Defendant's compliance

**(Pleading Guilty)** with the terms and conditions herein the

undersigned parties agree as follows:

> The state of Florida hereby confers upon the Defendant
> the(Broadest Type) of use and derivitive use immunity
> (but not transactual immunity) for crimes which were
> committed by the Defendant "prior to the signing of
> this plea agreement.

### (Section 14 of Plea Agreement)

The **Defendant** as part of this agreement **shall serve**
his sentence in a Federal Correctional Facility.

The Defendant "shall" be eligible for release from
incarceration in accordance with the usual state and
federal parole, probation, sentencing guidelines,
gaintime, or goodtime proceedures in effect during
the Defendant's incarceration.(I received 195 days
a month goodtime and I lost 1200 days due to a new
law applied Ex post facto or I would have been out
sooner.

### (Section 15 of Plea Agreement)

As a part of this plea, The state attorney's office
of the Eleventh Judicial Circuit of Florida will make
reasonable efforts to have Defendant placed in a Federal
Witness Security Program.

### (Section 16 of Plea Agreement)

For all cases falling within the scope of this plea
agreement shall not exceed (22) years incaceration.

### (Section 17 of Plea Agreement)

It is the understanding of the undersigned parties
that charges may be filed against the Defendant by
the United States Attorney's Office for the Southern
District of Florida, pursuant to this plea agreement.
The Defendant will be allowed to enter a plea of guilty
to such charges the sentence pursuant to this plea
agreement shall be concurrent and co-terminous with
each other and with any sentence imposed in Federal
Court.

(1)

Case 2:08-cv-00361-HWG-KSC   Document 1   Filed 02/19/08   Page 61 of 89
Case 2:04-cv-01173-GEB-GGH   Document 60   Filed 01/04/2008   Page 3 of 11
(Section 18 of Plea Agreement)

> The Defendant shall, at his option have the right
> to declare this plea agreement null and void or to
> be sentenced in accordance with the provisions of
> Section 1 through 7 and 13 through 15 and 17 by means
> Secific Performance of this Plea Agreement.

As part of this Plea Agreement I have a right to Specific
Performance. ( Which you refuse to present) Why! It is the
totality of the Plea agreement that "Induced Me to plead guilty.
Santobello V New York 404 US 257, 92 S Ct 495, 30 Led. 2d 427
(1971).

> "When a plea rest in any significant degree on a promise
> or agreement of the prosecutor, so that it can be
> said to be part of the inducement or consideration,
> such promise must be fulfilled.

The inducement or consideration is the total Plea Agreement.
The state and Federal Courts have continuously made unreasonable
determination of these facts. Shotwell MFG Co V United States
371 US 341, 9 Led 2d 357, 83 S Ct 448.

> "The constitutional principle that the prosecution
> must establish "guilt" by evidence independently and
> freely secured, may not by coercion, prove it's charge
> against an accused out of his own mouth also reaches
> evidence of guilt induced from a person under a
> governmental promise of immunity, and such evidence must
> be excluded under the self-incrimination clause of the
> Fifth Amendment.

All, ( I repeat ) All of the evidence of guilt(convictions).
Rogers V Richmond 365 US 534, 541, 5 Led 2d 760, 766, 81 S
Ct 735. Boykin V State of Alabama 395 US 238 at 242 89 S Ct
1709 at 1711 23, Led 2d 274 at 279 (1969). Used at any hearing,
trial or issue by the act of any parties through records,
documents, exhibits for inducement of a court or jury presented
to the senses to prove the existence or non-existence of a
fact induced from a person under the governmental promise of
immunity (any kind) and where that is the case such evidence

(2)

Fifth Amendment. Bram V United States 168 US 532, 542. 543
42 Led 568, 573, 574, 18 S Ct 183. Hardy V United States 186
US 224, 229, 46 Led 1137, 1140, 22 S Ct 889;

The protection granted to me by the Immunity section of the.
plea agreement, is coextesive with the protection against self-
incrimination afforded by the Fifth Amendment. Not only has
the Supreme Court upheld the constitutional adequacy of full
transactional immunity, it has also upheld the adequacy of
grants of use and derivative use immunity " that is" immunity
from use in any criminal case of the compelled testimony or
evidence (they are synonymous) (convictions) derived therefrom.
The Supreme Court has held that in order to be constitutionally
adequate, a grant of immunity must afford the witness protection
only against the risk that he will be subjected to future
criminal penalties for an offence already committed. Citing
Kastigar V United States 114 S Ct 1549 128 Led 2d 199 (1994)
The Scope OF THE immunity agreement is governed by the terms
of the immunity agreement. United States V Luloff 15 f3d 763
766 (*th Cir 1994) Broadest type for crimes committed by the
Defendant before the Plea Agreement ( Where does it say in
the plea agreement except for the four murders?) In Katz V
United States (1967) 389 US 347, 19 Led 2d 576, 88 S Ct 507.

> It was recognized that an immunity statute could
> supplant the Fifth Amendment privilege against self-
> incrimination if it afforded adequate protection
> from future prosecution or conviction.

On March 23 1988 I entered into the Plea Agreement.
( See Section 13 (2) of Plea Agreement).

(3)

> By execution of this plea agreement the Defendant
> hereby exercises his right against Self-incrimination
> afforded by the Fifth Amendment to the United States
> Constitution. The Defendant understands that he
> will be served with Subpoenas by the State of Florida
> to provide any and all information required pursuant
> to the terms of this Plea Agreement.

You Know, The self- incrimination part!(are you blind?)
It is clear from the evidence herein that the evidence
(convictions were compelled & coerced by a government promise
of immunity) On June 7, 1988 I plead guilty in open court and
the Plea Agreement was ratified. "My reasonable understanding
at the time was that the immunity granted to me was coextensive
with the scope of the Fifth Amendment priviliege against self-
incrimination and was therefore constitutionally sufficient
to compell my guilty pleas (convictions). I was told "none
of this will ever effect you in the future"

The United States Magistrate Judge Pg 2 line 3 of the
Findings & Recommendations:

> "Petitioner raises three issues, all of which are
> colorable claims".

Not only are they colorable claims, they are also tainted
and are the compelled evidence (fruit) from my own mouth. I
challenge anyone, show me or the court any court another source
of the evidence used in all the proceedings from the Grand
Jury to these Findings & Recommendations, Prove another
independent source not derived from my own mouth. (Impossible).

In fact anyone who reads any of my transcripts, records,
newspapers, videos, documents,exhibits that prove anything
derived from my mouth has had the "Bell Rung" and you can't
"Unring" the Bell.

(4)

That is why the self-incrimination clause is so important

even the Magistrate Judge has been affected. stating:'After

his professional football career, petitioner had become a type

of enforcer for a cult leader whose cult was located in Florida"

**(Ring). taint**

    or:

    Defendant had committed several murders in Florida at
    at the behest of Yahweh ben Yahweh, whom he described
    as the head of a black racist cult, whose members claimed
    to be the true jews; and who believed their devine mission
    to be the elimination of the white race". in 1988 he
    plead guilty to four second degree murders(here is the
    switch again!) and agreed to testify under the grant
    of immunity about the cult. Pg 21 of Findings &
    Recommendations. **(Ring). taint,misrepresentation.**

Footnote #4

    " Counsel reports that Florida prosecutor told the
    deputy district attorney prosecuting this bad check
    case that the jury had acquitted Yahweh Ben Yahweh
    in an hour, that Mr Rameses was not credible, and
    he was a dangerous, pathological liar"

· This statement presents a real problem for the enforcement

of the plea agreement as well as the prosecution. **(Section**

**8 of the Plea Agreement)**

    The Defendant's cooperation shall include, but is
    not limited to, giving proffers and sworn statements
    and providing testimony to State and Federal Grand
    Juries, and taking polygraph examinations and providing
    testimony at depositions and other official proceedings,
    and providing testimony at trials.
**(Read Sections 8-12 of the Plea Agreement) Titled Defendant's**
obligations.

I worked with various State and Federal entities in

many different States and cities. I testified at a civil trial

and Yahweh Ben Yahweh was found guilty I testified at a huge

Federal Trial and Yahweh Ben Yahweh was found guilty as well

as several other members. If I am such a liar, why does anyone

accept that I committed murder.

(5)

(Section 12 of Plea Agreement)

The court shall accept Defendant's guilty pleas but shall defer sentencing until the Defendant has completed the sworn statement and polygraph examinations as set forth below.

(Section 19 of Plea Agreement)

The State of Florida expressly reserves the right to charge the Defendant with knowingly and willfully making a false statement to a government agency, obstruction of justice and or perjury in the event the Defendant intentionallly provides untruthful or misleading information or testimony. The Defendant's immunized statements shall be used against him

Common sense says " Someone is being untruthfull, It cant be me, If I were a pathological liar, **Why was the Plea Agreement Ratified?** Why am I not doing Four consecutive Life sentences for breaching the Plea Agreement?(Section 19 inclusive).

### Here is the interesting part
### (Section 13(b) of Plea Agreement)

Notwithstanding ( you are an attorney, you know notwithstanding language) the grant of use and derivitive use immunity, should charges be filed against the Defendant for any crimes which may have been committed by the Defendant in any State or Federal jurisdictions outside of the Eleventh Judicial Circuit of Florida, such crimes being committed prior to the signing of this Plea agreement the parties herein will contact the appropriate State and or Federal prosecutor and make known to the said prosecutor the nature of the cooperation and assistance provided by the Defendant to the State and the provisions of this Plea Agreement.

If all that was said, "was that I am a pathological liar" then that in itself constitutes a beach of this Plea Agreement. if more was said, Then the prosecutor may be in violation of withholding evidence under Brady. That Eldorado prosecutor admitted on the stand to working with Wendy Rush. A high ranking member of the very cult the government used me to dismantl. I have only found one case where a prosecutor got inbed with organized crime, and that person is in Federal lockup.

(Its all a contradiction)

(6)

may be a problem for the state but the law is clear United

States Anderson 970 F2d 602, 607 (9th cir 1992).

    "A plea induced by an unfulfillable promise is no less
subject to challenge than one induced by a valid general promise
which the government simply fails to fulfill.

    INS V St Cyr 533 US 289 322-23 325 (2001)(infering based
on general analysis of what motivates defendants to accept
plea agreements."The intent of the parties" becomes clear upon
examination of the language of the plea agreement.Citing Mabry
V Johnson, 467 US 504-11 (1984).

(À Contradiction)

    I have limited access to the law library as well as

lockdowns, codes, bad mood of staff members,and a host of other

obstacles. YET, I can find these Laws" Why are you Mr Porter

avoiding the obvious? I expected it from Lori London, she is

part of that starchamber, however; you Mr. Porter are a Federal

Attorney and as such represent the United States Constitution.

    This whole case is a contradiction to the Fifth Amendment
it is unreasonable, contrary to and an outright Contradiction.
A contradiction to the Plea Agreement and your actions are
a contradiction to Clearly established Supreme Court Law. One
last issue Mr. Porter .CONTRDICTIONS DO NOT EXIST.

    " A contradiction cannot exist in reality, not in part

nor in whole. To believe in a contradiction is to abdicate

your belief in the existence of the world around you and the

nature of things in it, to instead embrace any random impulse

that strikes your fancy-to imagine something is real simply

because you wish it were. Immunity protection is what it is

itself and no sleight of hand done with words and emotions

can change what is. These irrational notions ( plead guilty

to murder then got immunity for testimony)are founded of whim,

Everything thusfar is an attempt to coerce truth to surrender

to whim. To say that immunity is not part of what induced me

to plead guilty, to say thay testimony (evidence) are not the

(7)

proceedings thus far are not a violation of self-incrimination

is like trying to breathe life into a lie by outshining reality

with the beauty of wishes. In reality contrdictions do not

exist. To believe in a contradiction you must abandon the most

important thing you poses: **Your Rational Mind**

I ask you again Mr. Porter "WHY"?

$\underline{\phantom{xx}1/11\phantom{x}2008}$
DATE

Robert Rameses # P99863
Mule Creek State Prison
Ione CA 95640 PO Box 4090·40
95640- 9000   C-15-226L

**C.C. UNITED STATES MAGISTRATE JUDGE GREGORY HOLLOWS**

**C.C. DAVID PORTER**

**C.C. ATTORNEY GENERAL Mr. Chàn**

**C.C. Clerk of the Court**

The following is a          Proof of Service. Pursuant to Rule 5 of the F.R.Cv.P. and Local
Rule 5-135, each document filed after the court orders service in your case shall be served on
opposing counsel and a proof of service attached to your document filed with the court.

---

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

**Robert Rameses**

Plaintiff or Petitioner

v.

**Gary Lacy,(Scot Kernan,) Warden**          Case Number:
                                             **CIV-S-04-1173 GEB GGH P**

Defendant or Respondent

**PROOF OF SERVICE**

I hereby certify that on   **1/1/2008** .           , 20**08**, I served a copy

of the attached   **Pionts and Authorities to Support Reconsideration**

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope

in the United States Mail at **Mule Creek State Prison,P.O. Box 409000, Ione,
CA 95640-9000**

(List Name and Address of Each
Defendant or Attorney Served)
```
David Porter 127024               Deputy Attorney Gen
Office of The Federal Defender    Mathew Chan
Eastern District of CA            1300 I Street Suite 125
801 I Street 3rd Floor            P.O. Box 944255
Sacramento California 95814       Sacramento CA 94244-2550
```
                    **Clerk, U.S. District Court. & Magistrate Judge
                    Eastern District of California
                    Sacramento Division 501 I Street
                    Room 4-400 Sacramento, CA 95814**

I declare under penalty of perjury that the foregoing is true and correct.

(Name of Person Completing Service)

1   DANIEL J. BRODERICK, Bar #89424
    Federal Defender
2   DAVID M. PORTER, Bar #127024
    Assistant Federal Defender
3   801 I Street, 3rd Floor
    Sacramento, California 95814
4   Telephone: (916) 498-5700

5   Attorney for Petitioner
    ROBERT RAMESES
6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11  ROBERT RAMESES,                    )   NO. Civ. S-04-1173 GEB GGH P
                                       )
12            Petitioner,              )   UNOPPOSED REQUEST TO EXTEND
                                       )   DEADLINE FOR FILING OBJECTIONS TO
13       v.                            )   MAGISTRATE JUDGE'S FINDINGS AND
                                       )   RECOMMENDATIONS AND TO STRIKE
14  SCOTT KERNAN, Warden,              )   FILING [DOCKET NO. 60]; [lodged]
                                       )   ORDER
15            Respondent.              )
                                       )
16  _____   )   Judge:   Hon. Gregory G. Hollows

17       Pursuant to Local Rule 6-142, Petitioner, ROBERT RAMESES, by and

18  through his counsel, Assistant Federal Defender David M. Porter,

19  hereby requests an extension of 30 days in which to file objections to

20  the findings and recommendations, which are currently due on January

21  22, 2008.  Counsel also requests the Court strike a document, Docket

22  No. 60, which Mr. Rameses sent directly to the Court.

23       This extension is the second extension requested, one earlier

24  extension of thirty days having been granted.  This extension, like the

25  last, is being sought to enable the undersigned to communicate with Mr.

26  Rameses and because of the undersigned's duties in other cases, which

27  include assisting defendants sentenced under the crack cocaine

28  guidelines in filing motions to reduce their sentences under 18 U.S.C.

1   § 3582(c)(2).  The undersigned had hoped that the initial extension

2   would be sufficient, but because of the intervening holidays and the

3   urgent need to work on crack cocaine cases where the movant is entitled

4   to immediate release from prison, the time sought in the initial

5   extension was insufficient.

6       This extension is not interposed to unduly delay the proceedings,

7   to gain unfair advantage, or for any other improper purpose.  The

8   undersigned has contacted respondent's counsel, Deputy Attorney General

9   Justain Paul Riley, who graciously indicated that he has no opposition

10  to the requests set forth herein.

11      On January 4, 2008, the docket reflects an entry, Docket No. 60,

12  entitled "NOTICE of Points and Authorities to Support Reconsideration

13  by Robert Rameses."  In fact, the document is a copy of a letter from

14  Mr. Rameses to the undersigned, and it therefore should not have been

15  entered on the docket.  Accordingly, the undersigned requests this

16  Court enter the order lodged with this request, which both extends the

17  time for filing objections to the findings and recommendations and

18  strikes Docket No. 60 from the public docket.

19  Dated:  January 22, 2008

20                              Respectfully submitted,

21                              DANIEL J. BRODERICK
                                Federal Defender
22

23
                                  /s/ David M. Porter
24                              DAVID M. PORTER
                                Assistant Federal Defender
25
                                Attorney for Petitioner
26                              ROBERT RAMESES

27

28

                                    2

1                                    **O R D E R**

2        Pursuant to the request of petitioner, and good cause appearing

3    therefor, it is hereby ORDERED that the objections to the findings and

4    recommendations may be filed on or before February 21, 2008.  Any reply

5    to the objections shall be served and filed within ten days after

6    service of the objections.

7        Because Mr. Rameses is represented by counsel, he is not permitted

8    to file documents pro se.  Accordingly, Docket No. 60 is hereby ordered

9    STRICKEN.

10   DATED:   January ___, 2008

11   _____   HONORABLE GREGORY G. HOLLOWS
                                         United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

*155 South Miami Avenue, Suite 700*
*Miami, Florida 33130*

April 12, 1989

Jeffrey D. Weinkle, Esq.
The Law Center
370 Minorca Avenue, Suite 9
Coral Gables, Florida 33134

Re: Testimony of Robert E. Rosier

Dear Mr. Weinkle:

This letter is to advise you that with regard to any information or testimony of Robert Earnest Rosier, also known as Neariah Israel, the United States Department of Justice considers itself bound by the terms of the written Plea Agreement between the State of Florida and Robert Rosier entered on March 23, 1988.

Accordingly, this office, pursuant to Paragraphs 7 and 8 of the Agreement, may from time to time request Mr. Rosier's assistance in the form of truthful information or testimony at debriefings, grand jury proceedings, and civil or criminal trials. It is our position that should we request such assistance or testimony -- regardless of whether or not the United States is a party to the proceedings involving Mr. Rosier's testimony, deposition or debriefing -- the United States and its agencies would be bound by Paragraph 13 of the Agreement concerning use and derivative-use immunity. Because our subpoenas, unlike the State of Florida, do not confer use immunity automatically, it is our position that our request for assistance or testimony is sufficient to trigger the immunity provisions of Paragraph 13.

Very truly yours,

DEXTER W. LEHTINEN
UNITED STATES ATTORNEY

By:
DAVID MICHAEL DeMATO
ASSISTANT UNITED STATES ATTORNEY



U. S. Department of Justice



United States Attorney
Southern District of Florida

Refer:    ☐ 155 S. Miami Ave., Suite 700          ☐ 299 E. Broward Blvd., Rm. 203B          ☐ 701 Clematis Street,   Room 317
To  :     ☒ Miami, Florida  33130-1693          ☐ Ft. Lauderdale, Florida   33301          ☐ West Palm Beach, Florida 33401

May 10, 1990

Jeffrey Weinkle, Esq.
Coral Gables, FL

RE:   Robert Rozier

Dear Mr. Weinkle:

        This is to confirm the agreement between the United States of
America and your client Robert Rozier in which the United States
agrees to be bound by all of the terms of the plea agreement
entered into between Mr. Rozier and the State of Florida.
Furthermore, it is agreed that no federal charges will be filed
against Mr. Rozier for any of the criminal acts disclosed by Mr.
Rozier during the course of his interviews with federal and state
law enforcement.

                                    DEXTER W. LEHTINEN
                                    UNITED STATES ATTORNEY

                           BY:_____
                                    RICHARD SCRUGGS
                           ASSISTANT UNITED STATES ATTORNEY

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR DADE COUNTY

CASE NUMBERS 86-32222,
87-3750, 87-3751 and 87-23099
JUDGE MORPHONIOS

STATE OF FLORIDA

vs.

PLEA AGREEMENT

ROBERT ROSIER,
also known as
NEARIAH ISRAEL,

          Defendant.

_____

          The State of Florida, and the Defendant, ROBERT ROSIER,
also known as NEARIAH ISRAEL, pursuant to plea negotiations in
Case Numbers 86-32222, 87-3750, 87-3751 and 87-23099, enter into
the following agreement:

## PLEAS

          1.   In Case Number 86-32222, the Defendant shall plead
guilty to Counts One (I) and Two (II) of the Indictment, said
charges to be reduced to Second Degree Murder; Counts Three (III)
and Four (IV) to be nolle prossed after sentencing;

          2.   In Case Number 87-3750, the Defendant shall plead
guilty to Count One (I) of the Indictment, said charge to be
reduced to Second Degree Murder; Count Two (II) to be nolle
prossed after sentencing;

          3.   In Case Number 87-3751, the Defendant shall plead
guilty to Count One (I) of the Indictment, said charge to be
reduced to Second Degree Murder; Counts Two (II) and Three (III)
to be nolle prossed after sentencing; and

          4.   In Case Number 87-23099, the State shall nolle
prosse all counts under that Information after sentencing in the
above three cases.

## SENTENCE

          5.   The Defendant shall be adjudicated guilty of each
of the felony counts to which he entered pleas of guilty. The

Defendant shall be sentenced, in accordance with the Florida
Sentencing Guidelines, to twenty-two (22) years in the State
Prison.

## SPECIAL CONDITIONS

6.    As a special condition of this plea, the Defendant
will be placed on probation for a period of five (5) years, which
shall be consecutive to the period of incarceration set forth in
Section 5.

7.    As a special condition of this plea, the Defendant
shall provide full and complete cooperation with the Dade County
State Attorney's Office, the Metro-Dade Police Department, the
Federal Bureau of Investigation, the United States Department of
Justice, and local police departments which have jurisdiction
over crimes which have occurred in their cities, including those
crimes which involved members or followers of the Yahweh sect.
The extent of the Defendant's cooperation with those local police
departments shall be determined by the Dade County State
Attorney's office and/or the Metro-Dade Police Department.

## DEFENDANT'S OBLIGATIONS

8.    The Defendant's cooperation shall include, but is
not limited to, giving proffers and sworn statements, and
providing testimony to State and Federal Grand Juries, and taking
polygraph examinations, and providing testimony at depositions
and other official proceedings, and providing testimony at
trials; each to be provided upon the request of any of the law
enforcement entities identified in Section 7 above.  The
Defendant's cooperation shall not require him to engage in any
undercover or covert investigative activity which might
unreasonably jeopardize his physical safety.

9.    The Defendant shall give a proffer, sworn
statement(s) and testimony detailing any and all information, of
which he has knowledge, directly or indirectly, which relates to
criminal activity, including any criminal activity that has been
engaged in by members or followers of the Yahweh sect and Yahweh

(2)

Ben Yahweh, also known as Moses Israel, also known as Hulon
Mitchell, Jr. This shall include; but is not limited to,
information about any homicide, attempted homicide, rape, arson,
fire-bombing, kidnapping, robbery, aggravated battery, aggravated
assault, child abuse, child neglect, welfare fraud, extortion
and/or food stamp fraud, and related crimes.

The testimony and/or information given under this
section and any other section of this plea agreement, shall, to
the extent known, include; but is not limited to, the following:

    a.   The type of crime or crimes committed;

    b.   The names and identifying information of all
persons involved in said crimes, whether acting
alone, in concert with others, as a principal or
as an agent;

    c.   The date and/or time frame in which the said
crimes were committed;

    d.   The location where the said crimes were committed,
including; but not limited to, a street address,
town, city and/or state;

    e.   The motive for the said crimes being committed;

    f.   The name of the person or persons who ordered or
requested that the said crimes be committed;

    g.   The manner in which the said crimes were
committed;

    h.   The names of any witness or witnesses who may have
information about the said crimes;

    i.   The Defendant must make a good faith effort to
assist law enforcement officers in locating and
procuring the availability of such persons,
provided under Section 9(h), as witnesses at
proceedings, hearings, and trials.

10. In addition to the other proffers, sworn
statements and testimony provided, the Defendant shall give
proffers, sworn statements and testimony detailing, to the extent
of his knowledge, the following:

a.   The Defendant's involvement in the homicides that comprise Case Number 96-32222;

b.   The Defendant's involvement in the homicide that comprises Case Number 87-3750;

c.   The Defendant's involvement in the homicide that comprises Case Number 87-3751;

d.   The names and identities, and the extent of involvement of other persons who were involved in the homicides set forth in Section 10(a), (b), and (c) and information which would assist law enforcement officers in their efforts to locate such other persons;

e.   The circumstances and motives surrounding the homicides set forth in Section 10(a), (b), and (c);

f.   The Defendant's involvement in any other activity, whether he acted as a principal or agent, in concert or alone, in the State of Florida or in any other jurisdiction. Said information to include the name or identity of the victim(s), the motive for said crime, the name(s) of any other person(s) involved in the crime, the disposal of the body(ies), the disposal of any other evidence, the present location of any evidence, the present location of any body(ies) and/or body parts and information that would lead to the prosecution of the other persons involved in the crime. Refer to Section 13 for additional details on this subsection;

g.   Information related to a fire-bombing incident that occurred in Delray Beach, Florida, on May 20, 1986;

h.   Information related to homicides that have occurred within the State of Florida in which the Defendant was not personally involved and which

'4

were committed by, or involved members or
followers of, the Yahweh sect;

i.    Information related to homicides that have
occurred outside the State of Florida in which the
Defendant was not personally involved and which
were committed by, or involved members or
followers of, the Yahweh sect;

j.    Information regarding the disposal of any dead
bodies or body parts by members or followers of
the Yahweh sect, including, but not limited to,
the location of those bodies or body parts,
regardless of whether those bodies were or were
not the results of homicides;

k.    Information regarding the location of any evidence
surrounding any of the crimes about which the
Defendant gives information under this plea
agreement;

l.    Information regarding the disposal of any evidence
surrounding any of the crimes about which the
Defendant gives information under this plea
agreement;

m.    The name(s) and identity(ies) of any person(s) who
may be a witness(es) to any of the crimes about
which the Defendant gives information under this
plea agreement; and

n.    Information relating to the involvement of
Yahweh Ben Yahweh, also known as Moses Israel,
also known as Hulon Mitchell, Jr., in any of the
matters set forth in any paragraph of this plea
agreement.

11.    The Defendant shall give proffers, sworn
statements and testimony detailing, to the extent known, any and
all information relating to the following:

a.    The internal and organizational structure of the
Yahweh sect and/or Temple of Love, Inc., and any

other corporations associated with the Yahweh
sect;

b.    The financial structure of the Yahweh sect and/or
      Temple of Love, Inc., including, but not limited
      to, the sources of funds that come in to and
      expenditures and purchases which were made by the
      Yahweh sect and/or Temple of Love, Inc.;

c.    Information that would assist in or lead to the
      prosecution of any RICO action against the Yahweh
      sect and/or Temple of Love, Inc.

## SENTENCING PROCEDURES

12.    The Court shall accept Defendant's guilty pleas,
but shall defer sentencing until the Defendant has completed the
sworn statement and polygraph examination as set forth below:

a.    The Defendant shall give a sworn statement or
      statements and/or testimony covering those areas
      previously covered in the proffer given by the
      Defendant's lawyer and as set forth in this plea
      agreement;

b.    The Defendant shall, at the option of the State,
      be given a polygraph examination(s) to verify the
      truthfulness and completeness of the sworn
      statements previously referred to in this plea
      agreement;

c.    The Defendant shall stipulate to the competency of
      any and all polygraph examiner(s), the results of
      any examination, and that the polygraph technique
      is reliable. The Defendant waives any right to
      contest such results, competency, and reliability.
      The polygraph results and any statements made by
      the Defendant to the polygraph examiner(s) shall
      not be used against the Defendant in any civil or
      criminal proceedings;

d.    If the results of the polygraph examination(s) or
      statements made by the Defendant to the polygraph

examiner(s) indicate that the Defendant's proffer
was not truthful or complete or that the Defendant
was not truthful during the sworn statement(s) or
testimony in any material aspect, this plea
agreement may, at the option of the State, be
declared null and void. If the State exercises
this option to unilaterally declare this plea
agreement null and void, all pleas shall be
vacated, and all parties shall be restored to the
positions which they occupied prior to the signing
of this plea agreement;

e.  If the Defendant satisfies all of these
conditions, the Court shall then sentence the
Defendant in accordance with Sections 1 through 6
of this plea agreement;

f.  This plea agreement shall be ratified when the
proceedings reflected in subsection [12(a)] have
occurred;

g.  Pursuant to Florida Rule of Criminal Procedure
3.172(h) and Federal Rule of Criminal Procedure
11(e)(6), evidence of an offer or a plea of guilty
(later withdrawn due to this agreement not being
ratified), or of statements made in connection
therewith, shall not be admissible in any civil or
criminal proceeding against REEFY ROSTER, also
known as NEARIAH ISRAEL.

## IMMUNITY

13.  (1) As consideration for the Defendant's
compliance with the terms and conditions herein, the undersigned
parties agree as follows:

a.  The State of Florida hereby confers upon the
Defendant the broadest type of use and derivative
use immunity (but not transactional immunity) for
crimes which were committed by the Defendant prior
to the signing of this plea agreement; such crimes

having been committed anywhere within the State of
Florida. This immunity shall apply to any charges
that may be filed against the Defendant and/or
that may arise from information provided pursuant
to these investigations. It is the intent of all
parties that the immunity conferred in this
paragraph will apply to any and all State of
Florida jurisdictions. However, should charges be
filed, the following procedures will be
implemented:

b.   Notwithstanding the grant of use and derivative
     use immunity, should charges be filed against the
     Defendant for any Yahweh sect related homicide(s)
     which were committed by the Defendant within the
     Eleventh Judicial Circuit of Florida prior to the
     signing of this plea agreement, the Defendant
     shall be permitted to enter a plea of guilty to a
     degree of homicide no greater than Second Degree
     Murder and he shall receive a sentence of no more
     than twenty-two (22) years incarceration, such
     sentence to be concurrent and co-terminous with
     the sentences which he will receive pursuant to
     Sections 1, 2, 3, and 15 of this plea agreement;

c.   Notwithstanding the grant of use and derivative
     use immunity, should charges be filed against the
     Defendant for any crimes other than homicides
     which were committed by the Defendant within the
     Eleventh Judicial Circuit of Florida prior to the
     signing of this plea agreement, the defendant
     shall be permitted to enter a plea of guilty to an
     offense no greater than a First Degree Felony, and
     he shall receive a sentence of no more than
     twenty-two (22) years incarceration, such sentence
     to be concurrent and co-terminous with the
     sentences which he will receive pursuant to
     Sections 1, 2, 3, and 15 of this plea agreement;

1. Notwithstanding the grant of use and derivative use immunity, should charges be filed against the Defendant for any crime(s) which may have been committed by the Defendant in any State or Federal jurisdiction outside of the Eleventh Judicial Circuit of Florida, such crime(s) being committed prior to the signing of this plea agreement, the parties hereto will contact the appropriate State and/or Federal Prosecutor(s) and make known to the said prosecutor(s) the nature of the cooperation and assistance provided by the Defendant to the State and the provisions of this plea agreement.

(2) By execution of this plea agreement, the Defendant hereby exercises his right against self-incrimination afforded by the Fifth Amendment to the United States Constitution. The Defendant understands that he will be served with subpoenas by the State of Florida to provide any and all information required pursuant to the terms of this plea agreement and that he will be compelled to testify and be provided immunity pursuant to Section 13 of this plea agreement. The requirement of providing the Defendant with subpoenas and/or a court order to testify after a grant of immunity pursuant to Section 13 is specifically contemplated by the terms of this plea agreement and shall not be construed as a failure to cooperate or a breach of this agreement.

## INCARCERATION

14. It is the understanding of the undersigned parties that the Defendant's compliance with the terms of this plea agreement may place him in danger of physical harm if left in State custody. Therefore, it is the understanding of the undersigned parties, that the Defendant, as part of this plea agreement, shall serve his sentence in a Federal Correctional Facility. The Defendant shall be eligible for release from incarceration in accordance with the usual State and Federal

)

parole, probation, sentencing guidelines, gain time, or good time procedures in effect during the Defendant's incarceration.

15.    It is the understanding of the parties that as a part of this plea, the State Attorney's Office of the Eleventh Judicial Circuit of Florida, will make reasonable efforts to have the Defendant placed in a Federal Witness Security Program. Should the Defendant not be accepted into the Federal Witness Protection Plan, he shall nevertheless continue to serve his sentence in Federal custody.

16.    It is the intent of all parties that if the Defendant complies with all of the material terms of this plea agreement, then the Defendant's sentence(s) for all cases falling within the scope of this plea agreement shall not exceed twenty-two (22) years incarceration.

17.    It is the understanding of the undersigned parties that charges may be filed against the Defendant by the United States Attorney's Office for the Southern District of Florida pursuant to this plea agreement. It is the understanding of the undersigned parties that the Defendant will be allowed to enter a plea of guilty to such charges. The sentence entered pursuant to this plea agreement shall be concurrent and co-terminous with each other and with any sentence imposed in Federal Court.

## BREACH OF AGREEMENT

18.    If the State breaches this plea agreement by failing to comply with any of the material aspects herein, (such as the failure of the Government to make any efforts in placing the Defendant in a Federal Correctional Facility or Federal Witness Security Program), the Defendant shall, at his option, have the right to declare this plea agreement null and void or to be sentenced in accordance with the provisions of Sections 1 through 7 and 13 through 15 and 17 by means of the specific performance of this plea agreement.

19.    If after ratification of this plea agreement, the Defendant breaches this plea agreement by refusing to satisfy the material terms and conditions set forth in Sections 7 through 11,

the sentences given pursuant to Sections 1 through 3 shall be vacated. The Defendant hereby stipulates that he will waive all rights to be sentenced under the State Sentencing Guidelines, and he shall be sentenced to four (4) consecutive life sentences for the crimes of Second Degree Murder, without pre-October 1, 1983 parole rights, under Case Numbers 86-32222, 87-3750 and 87-3751. By signing this plea agreement the Defendant hereby waives any Double Jeopardy claim related to such an increase of his sentences.

The State of Florida expressly reserves the right to charge the Defendant with knowingly and willfully making a false statement to a government agency, obstruction of justice, and/or perjury in the event the Defendant intentionally provides untruthful or misleading information or testimony; as well as considering these acts as a violation of the terms of this plea agreement. In the event such charges are filed or the Defendant otherwise breaches this plea agreement, the Defendant's immunized statements shall be used against him. The use of those statements shall be limited to proving such charges or proving that the Defendant has violated the terms of this plea agreement.

20. No additional promises, conditions or agreements have been entered into other than those set forth in this plea agreement. Any promises, conditions or agreements that may be entered into later shall be in writing and signed by all the parties.

21. The Defendant acknowledges that he enters into this plea agreement voluntarily and of his own free will, without any coercion or threats, or promises having been made to him (other than those set forth herein). The Defendant further acknowledges that he has consulted with counsel, and fully understands all the terms and conditions of this plea agreement,

ROBERT ROSIER
also known as
NEAPIAH ISRAEL

3 - 21 - 88
DATE

JEFFREY D. WEINKLE
Attorney for the Defendant

7 - 2 - 88
DATE

ABRAHAM LAESER
Chief Assistant State Attorney
  for Major Crimes
State Attorney's Office
Eleventh Judicial Circuit
  of Florida

March 23, 1988
DATE

Witnessed By

March 23, 1988
DATE

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR DADE COUNTY

CASE NUMBER ___Investigation___

**WITNESS SUBPOENA**
"Criminal Division"

STATE OF FLORIDA, s.s.

TO: Robert Rosier

vs.

Investigation

_____

_____

_____

(Defendants)

(Witnesses)

TO ALL AND SINGULAR THE SHERIFFS OF THE STATE OF FLORIDA:     GREETINGS

We command you to summon the above witness(es) to be and appear before the State at a date and time to be agreed upon by Attorney of the Eleventh Judicial Circuit of Florida Assistant State Attorney, Don L.Horn, and the attorney for the witness

) to testify and the truth to speak in behalf of the STATE in a certain matter before said State Attorney pending and undetermined.

And this you shall in no wise omit.

WITNESS, RICHARD P. BRINKER, Clerk of said Court, and the seal of said Court at Miami, Dade County, Florida, this the __23__ day of __May__, 19 _88_.

(Original)
(Court Seal)

RICHARD P. BRINKER, Clerk
By: _____
Deputy Clerk

RECEIVED this Subpoena on this the __24__ day of __MAY__, 19 _88_ and executed the same on the __24__ day of __May__ 19 _88_, by delivering a true copy thereof to the witness(es) named above, as follows, to wit: Personal Service

SHERIFF, DADE COUNTY, FLORIDA
By: _____
Deputy Sheriff
1:5 PM

# THE STATE BAR OF CALIFORNIA
## CALIFORNIA ATTORNEY COMPLAINT FORM

*Read instructions before filling in this form.*

Date _____

(1)    Your name and address    Robert Rameses Mule creek State prison
      Ione Califronia 95640-9000 P.O.Box 409000-9000,

(2)    Telephone number: Home _____    Work _____

(3)    The name, address and telephone number of the attorney(s) you are complaining
      about. *(See note below.)*
      David Porter #127024 Assistant Federal Defender 801 I street

      3rd Floor Sacramento California 95814   (916) 498-5700

(4)    Have you or a member of your family complained about this attorney(s) previously?
      Yes ____ No _x_ If Yes, please state to whom the previous complaint was made, its
      approximate date and disposition.

      _____

      _____

(5)    Did you employ the attorney? Answer **Yes** or **No** and, if "**Yes**," give the approximate
      date you employed the attorney(s) and the amount, if any, paid to the attorney(s).
      no

      _____

(6)    If your answer to #5 above is "**No**," what is your connection with the attorney(s)?
      Explain briefly.
      The Federal Gregory Hollows Appointed Him as Counsel

(7)   Include with this form *(on a separate piece of paper)* a statement of what the
       attorney(s) did or did not do which is the basis of your complaint. Please state
       as you understand them. Do not include opinions or arguments. If you employ
       attorney(s), state what you employed the attorney(s) to do. Sign and date each
       separate piece of paper. Additional information may be requested. *(Attach copies of
       pertinent documents such as a copy of the fee agreement, cancelled checks or
       receipts and relevant correspondence.)*

                              See Attached

(8)   If your complaint is about a lawsuit, answer the following, if known:

       a. Name of court *(For example, Superior or Municipal Court, and name of the county)*
                              See Attached

       b. Title of the suit *(For example, Smith v. Jones).*
                              See Attached

       c. Case number of the suit ___N/A___

       d. Approximate date the suit was filed ___2/08/2008___

       e. If you are not a party to this suit, what is your connection with it? Explain briefly.

(9)   Size of law firm complained about:

       1 Attorney ____ 2 – 10 Attorneys ____ 11 + Attorneys ____
       Government Attorney _X_ Unknown ____

       *NOTE: If you are complaining about more than one attorney, include the
       information requested in items #3 through #8. Use separate sheets if necessary.*

Signature _____

Mail to:
Office of the Chief Trial Counsel/Intake
The State Bar of California
1149 South Hill Street
Los Angeles, California 90015-2299