IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RAMESES, #P-99863, ) | CIVIL NO. 2:08-00361 HWG-KSC |
| ) | |
| Plaintiff, ) | **FINDINGS AND RECOMMENDATION TO** |
| ) | **DISMISS COMPLAINT WITH** |
| vs. ) | **PREJUDICE** |
| ) | |
| DAVID PORTER, Assistant ) | |
| Federal Defender; OFFICE OF ) | |
| FEDERAL DEFENDER, EASTERN ) | |
| DISTRICT OF CALIFORNIA, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on February 19, 2008, which is now before the Court. The Court HEREBY FINDS AND RECOMMENDS that the Complaint be DISMISSED WITH PREJUDICE.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous, malicious, or fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity

to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

The court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform the litigant of deficiencies).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right of relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (citation omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question.  Hosp. Bldg. Co. v. Rex Hosp. Trs., 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

When a plaintiff appears pro se, as Plaintiff does in this action, the court has an obligation to construe the

plaintiff's complaint liberally.  See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (same).  "A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"  Id. (quoting Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded by statute, Lopez, 203 F.3d at 1126-30).

## DISCUSSION

Plaintiff's allegations against Defendant David Porter, an Assistant Federal Defender, and Defendant Office of the Federal Defender, Eastern District of California, stem from Mr. Porter's representation of Plaintiff in a habeas proceeding in this Court.  Rameses v. Kernan, No. Civ. S-04-1173 GEB GGH P.  Plaintiff alleges a host of constitutional violations based on Mr. Porter's purported failure, in the amended habeas petition, to include Plaintiff's request for specific performance of a plea agreement entered into on June 7, 1988.

Although Plaintiff alleges violations under 42 U.S.C. § 1983, his claims should have been raised under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors.  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) the violation of a right

3

secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  The elements of a Bivens claim are similar, except for the allegation that the defendant acted under color of federal law.  See Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

Even if Plaintiff's allegations were properly pled, they fail to state a claim upon which relief can be granted.  First, federal public defenders do not act under the color of federal law for purposes of a Bivens action and the action must be dismissed.  Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir. 1982) ("If a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in a federal criminal proceeding.").

Plaintiff seeks to hold Defendant Office of the Federal Defender liable under a theory of respondeat superior.  A defendant cannot be held liable pursuant to § 1983 or under Bivens solely on the basis of supervisory responsibility or position.  Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 n.58 (1978); see also Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982); Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) (respondeat superior theory of liability inapplicable to Bivens actions).  As such, and given the fact that federal

4

public defenders do not act under federal law, Plaintiff fails to state a cognizable claim, and the action should be dismissed as against the Office.

Second, Plaintiff has no constitutional right to post-conviction counsel, so any claims of deficient representation in violation of his constitutional rights cannot serve as a basis for relief.  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (the right to appointed counsel and effective assistance from such counsel extends to the first appeal as of right and no further); see also Jeffers v. Lewis, 68 F.3d 299, 300 (9th Cir. 1995) (en banc), cert. denied, 515 U.S. 1187 (1995) (petitioner does not have a constitutional right to counsel in a collateral proceeding).  Absent a right to counsel, Mr. Porter could not have violated any of Plaintiff's constitutional rights in his post-conviction representation of Plaintiff.

Third, although Plaintiff's allegations appear to be limited to Mr. Porter's actions, construing the Complaint liberally, and to the extent Plaintiff might be challenging his conviction in 2000 for insufficient funds under California Penal Code 476(a), said claim is barred.  When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907

F.2d 874, 875 (9th Cir. 1990), cert. denied, 498 U.S. 1126 (1991).  Pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87.  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable."  Id.

   Here, Plaintiff has not presented any evidence to demonstrate, nor has he alleged, that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid, or called into question by a federal court's issuance of write of habeas corpus.  Indeed, Plaintiff filed a habeas petition to challenge his conviction and sentence.  Rameses v. Kernan, No. Civ. S-04-1173 GEB GGH P.  The district court denied the petition.  Therefore, any challenge to his conviction or sentence in this action is not cognizable.

6

CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that:

1.   Plaintiff's action be DISMISSED WITH PREJUDICE. Plaintiff's Complaint fails to state a cognizable claim under § 1983 and/or Bivens.  Because amending the Complaint will not cure the deficiency, the Court recommends dismissal of this action, with prejudice, for failure to state a claim.  Noll, 809 F.2d at 1448, superseded by statute, Lopez, 203 F.3d at 1126-30.

2.   Plaintiff is notified that if this Findings and Recommendation is adopted, the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, October 26, 2009.

_____
Kevin S.C. Chang
United States Magistrate Judge

CV 2:08-00361 HWG-KSC; RAMESES V. PORTER, et al.; FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITH PREJUDICE